AMBROSE S. BALDWIN, *et al.*, v. CATHERINE M. SQUIER.

STATUTE OF FRAUDS, *Case Not Without the Scope of.* Where A, the owner and in possession of a tract of land, made a parol contract with B that if she would come and live with and take care of him till his death he would give her the land, and in pursuance of such contract she came, lived with and took care of him till his death; and where there was no contract in reference to making a will; and where it does not appear that there was any difficulty in estimating the value of B's services prior to A's death, the same taking place within a year and a half: *Held,* That there was no such part performance as took the case out of the scope of the statute of frauds.

### *Error from Mitchell District Court.*

ACTION brought by *Catherine M. Squier* against *Ambrose S. Baldwin* and another, for specific performance of a parol contract to convey certain land. Trial at the March Term, 1882, and judgment for plaintiff. The defendants bring the case here. The opinion states the facts.

*Horace Cooper,* for plaintiffs in error.

*Holt & Fowler,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action for specific performance. The facts as found by the jury, are briefly these: In June, 1877, one Jeremiah Baldwin owned the land. He then made a parol contract with plaintiff, that if she would come and live with and take care of him till his death, he would give her his property after he was done with it. She did live with and take care of him till his death, in 1878. She had no

Baldwin v. Squier.

other possession than as living with him, the jury saying that the only way in which he delivered any possession was by telling her that she would find the receiver's receipt in the clock, and that the patent was in Concordia. After his death she continued in exclusive possession and made some slight improvements, the value of which was more than made up to her in the value of the use and occupation. There was no agreement for the making of a will by him, and no other contract than as specified. Defendants claim by inheritance from Baldwin.

Was plaintiff entitled to a decree of specific performance? The testimony is not preserved; so we only know the facts as found by the jury as above stated. The contract, being one in parol, was obviously under the statute of frauds nonenforceable. Three matters are presented, to take the case out of the statute: First, the improvements. To this we reply, that as these were made after Baldwin's death and without authority from his heirs, they can have no effect. If the title did not pass at Baldwin's death, it has not been transferred by any subsequent matters. Second, delivery of possession. But to take a parol contract for the sale of land out of the statute of frauds by reason of a delivery of possession, such possession must be notorious, exclusive, and obviously in pursuance of the contract. (Browne on Statute of Frauds, §§ 473, 474, 476.) Coming to live with the owner on his land answers neither demand. Third, payment of purchase-price by performance of all the conditions of the contract. In reference to this the general rule is, that payment of the purchase-price does not take such a contract out of the reach of the statute of frauds. (*Edwards v. Fry*, 9 Kas. 423; Fry on Specific Performance, § 403; Browne on Statute of Frauds, § 463.) This is upon the ground that the money can be recovered back by action, and so no fraud will be accomplished if the parol contract is not enforced.

A case in New York, *Rhodes v. Rhodes*, 3 Sandf. Ch. 279, makes an apparent exception to this rule, and doubtless upon this case the decision of the trial court rested. In that case

an agreement by one helpless from disease to convey a tract of land to another in consideration of being provided for and taken care of during his lifetime, was enforced against the heirs of the former; and this was placed upon the ground that the services were of such a peculiar character that it was impossible to estimate their value to the recipient by any pecuniary standard; that it was evident that they were not intended to be so measured, and that it was out of the power of the court to restore the complainant to the situation he was in before the making of the contract, or to compensate him in damages. Without criticising this case further than to remark that it illustrates the efforts of courts to find excuses for enforcing parol contracts, despite the statute, we observe in reference to the case at bar that there is nothing to show that the value of plaintiff's services cannot easily be determined, and she awarded compensation therefor. In other words, it was simply a payment of the consideration in services and not in money. We do not think the difference in the manner of payment ought to take the case out of the statute.

Finally, it is said by the jury that she gave up the opportunity of taking a homestead. The law of congress determines that statement to be a mistake. (U. S. Rev. Stat. § 2289.) It might be true that she gave up the opportunity of homesteading a particular tract, or that by reason of years and ill-health it became more inconvenient and burdensome to go out on the frontier and reside long enough to acquire a homestead. But such matters, if they existed, do not appear from the answers of the jury.

We think there is no sufficient showing to take the case out of the statute of frauds. The judgment will be reversed, and the case remanded with instructions to enter judgment on the answers of the jury in favor of the defendants, plaintiffs in error, for costs.

All the Justices concurring.