Belknap, }
Dec., 1896. }

### WEEKS v. LUND & a.

Payment of the consideration in personal services which can be adequately compensated in money is not sufficient part performance of an oral contract to convey land to take the case out of the statute of frauds.

BILL IN EQUITY, by Jennie M. Weeks against Edward A. Lund and Edwin P. Thompson, executor of the last will and testament of Horace P. Batchelder. The bill alleges that September 1, 1891, the plaintiff made a contract with Batchelder, by the terms of which she agreed to board and lodge him so long as he should live, to do his washing and ironing, to provide him with such a number of rooms in her dwelling-house, all lighted, heated, and furnished in a manner and style suited to his comfort and convenience, considering his feeble physical condition, as might be necessary for him to occupy, to care for him and nurse him in sickness, to allow him the entire use and occupancy of the barn connected with her dwelling-house, and to board and lodge free of charge all friends that might visit him from time to time; that Batchelder on his part, and in consideration of the foregoing agreements of the plaintiff, agreed with the plaintiff to pay her three dollars and a half for each week, and to devise to her the entire title to one of two tracts of land in each of which he then owned an undivided half; that Batchelder was at the time stated and long had been in feeble health and unable to care for himself,

was anxious to procure a home for the rest of his life, and from his knowledge of the plaintiff and acquaintance with her preferred to obtain a home with her rather than with some other person in whom he would have less confidence and from whom he could not expect like nursing and care; that said contract was fully performed by the plaintiff, who was put to great trouble and expense in nursing and caring for the deceased during a long illness, and otherwise; that Batchelder paid her three dollars and a half a week until October 1, 1892, and nothing afterward; that at his death he left a will of which the defendant Thompson is executor, executed March 21, 1893, in which, for the purpose and with the declared intention of performing his said agreement, he devised to the plaintiff one of the tracts of land referred to in said contract, having at that time agreed with the plaintiff which of the two tracts should be devised to her; that at that time proceedings were pending for the partition of said lands upon petition of Batchelder, but because of his illness partition was not made and at his death he owned only an undivided half of the land devised to her; that since the services rendered by the plaintiff to Batchelder were of a personal nature, their value to him cannot be ascertained or estimated in money, and compensation cannot be adequately made to the plaintiff except by the specific performance of the contract; that the defendant Lund, who was not mentioned in the will, asserts himself to be the only son and heir of Batchelder and claims the entire estate.

The prayer of the bill is that the defendant Lund may be ordered to convey to the plaintiff whatever interest he may have in the tract of land devised to her, and that Thompson, the executor, be ordered to pay her reasonable compensation for the half of the land to which Batchelder had no title.

The defendant Lund demurs.

*E. A. & C. B. Hibbard* (with whom were *Jewell, Stone, Owen & Martin*), for the plaintiff. The question we understand to be presented by the demurrer is whether the contract alleged in the bill is enforceable, notwithstanding the statute of frauds. Conceding, as of course we must, that the contract was originally invalid under the statute of frauds, we contend that it is taken out of the statute by part performance. The acts of part performance relied on are personal services of such nature that their value to Batchelder cannot be ascertained in money, and that compensation cannot be adequately made to the plaintiff except by the specific performance of the contract, and the furnishing of a home, as distinguished from a mere place of lodging and boarding, of which the same would obviously be true. These acts are sufficient. *Rhodes* v. *Rhodes*, 3 Sandf. Ch. 279; *Sutton* v. *Hayden*, 62 Mo. 101; *Hiatt* v. *Williams*, 72 Mo. 214; *Sharkey* v. *McDermott*,

91 Mo. 647; *Van Dyne* v. *Vreeland,* 11 N. J. Eq. 370; *S. C.,* 12 N. J. Eq. 142; *Pflugar* v. *Pultz,* 43 N. J. Eq. 440; Bro. St. Fr., s. 463. We do not cite cases which turned on the point of possession, with services merely as an additional feature, of which there are a number.

"If the consideration for the contract be labor and services, these may sometimes be estimated and their value liquidated in money, so as measurably to make the vendee whole, on rescinding the contract. But in a case like this, where the services to be rendered were of such a peculiar character that it is impossible to estimate their value to Andrew Rhodes by any pecuniary standard, and where it is evident that he did not intend to measure them by any such standard, it is out of the power of any court, after the performance of the services, to restore Henry Rhodes to the situation in which he was before the contract was made or to compensate him in damages." *Rhodes* v. *Rhodes, supra.* "There are things which money cannot buy; a thousand nameless and delicate services and attentions, incapable of being the subject of explicit contract, which money, with all its peculiar potency, is powerless to purchase. The law furnishes no standard whereby the value of such services can be estimated, and equity can only make an approximation in this direction by decreeing the specific performance of the contract." *Sutton* v. *Hayden, supra.* "In this class of cases it is impossible to estimate by any pecuniary standard the value to the recipient of the services rendered, and such services are not designed or intended to be so measured." *Sharkey* v. *McDermott, supra.*

While the devise to the plaintiff of the land in controversy, as it does not show whether it was made as a gratuity or in performance of a contract, is not such a memorandum as of itself to take the contract out of the statute of frauds, and has perhaps no particular significance in the present discussion, it will be legitimate and important evidence. *Hiatt* v. *Williams,* 72 Mo. 214; *Brinker* v. *Brinker,* 7 Pa. St. 53; *Maddox* v. *Rowe,* 23 Ga. 431.

It is laid down in many cases, in this state and elsewhere, that no acts of part performance are to be regarded as sufficient to take a contract out of the statute of frauds unless they are such as to work a fraud upon the plaintiff if the contract is not enforced. Services for which adequate compensation in money can be made in an action on an implied contract are not a sufficient part performance, and it will generally be assumed that adequate compensation can be so made, unless the contrary appears. In this case, it is alleged in the bill that compensation for the services rendered by the plaintiff to Batchelder cannot be adequately made except by the specific performance of the contract. If that fact is made out, the fraud upon her is established.

If this claim goes to a jury on an implied assumpsit, it is plain that the measure of damages will then be the market value of the services. The fact that the plaintiff would not have performed the services on such a basis — the fact that she ought to have more under the circumstances — will be immaterial. A special value put by the parties on property or services cannot be admitted to enhance damages, in the absence of a contract that makes something besides the value the measure of damages. The plaintiff will be defrauded if the result of the contract and its breach will be that she has been induced to perform, for only ordinary compensation, services which she did not choose to do and would not have done except under the contract. She will be defrauded unless the contract is sustained and decreed to be performed specifically, so far as the defendants are capable of performing it, with compensation for the remainder estimated on the basis of the contract instead of the market value of the services.

*Thomas Cogswell* and *Sumner E. Blackstone*, for the defendant Thompson.

*Bingham, Mitchell & Batchellor* and *John M. Mitchell*, for the defendant Lund.

PARSONS, J. It is conceded upon the briefs and in argument that the contract upon which the plaintiff relies was not reduced to writing. The point argued is whether, upon the facts stated, specific performance of an oral contract to convey land by will can be decreed. We have therefore considered the substantial controversy between the parties without reference to the technical question whether the bill containing no allegation that the contract relied upon was reduced to writing, is not sufficient upon demurrer. P. S., c. 215, s. 1; Bro. St. Fr., s. 505; *Walker* v. *Richards*, 39 N. H. 259, 267, 268. The claim is that the facts alleged constitute part performance sufficient to take the case out of the statute. There is no allegation that any improvements have been made by the plaintiff or that she has entered into possession. Part performance of a contract within the statute of frauds is not sufficient to take the case out of the statute unless it places the party in a situation that will operate as a fraud upon him if the agreement is not performed. *Tilton* v. *Tilton*, 9 N. H. 385, 390; *Kidder* v. *Barr*, 35 N. H. 235, 255; *Johnson* v. *Bell*, 58 N. H. 395; *Abbott* v. *Baldwin*, 61 N. H. 583, 585; *Seavey* v. *Drake*, 62 N. H. 393; *Stillings* v. *Stillings*, 67 N. H. 584, 586. Therefore, mere payment of the purchase money is not sufficient to authorize a decree for specific performance. *Brown* v. *Drew*, 67 N. H. 569; *Ham* v. *Goodrich*, 33 N. H. 32, 39; *Glass* v. *Hulbert*, 102 Mass. 24, 28. The fact that the pay-

ment was made in labor instead of money is not material. *Peters* v. *Dickinson*, 67 N. H. 389. The plaintiff concedes that if the services forming the consideration of the contract are of such a character that they may be estimated and their value liquidated in money, the contract is within the statute. Her claim is that where the services rendered are of such a peculiar character that it is impossible to estimate their value by any pecuniary standard, and where it is evident the parties did not intend to measure them by any such ·standard, it is impossible adequately to compensate the party performing the services except by a decree for specific performance; and it is urged that the performance of such a contract upon one side takes the case out of the statute, because the party performing is thereby placed in a situation that will operate as a fraud upon him because of the inadequacy of pecuniary damages to effect such compensation as will prevent the fraud. .

Whether upon this ground specific performance of an oral contract to convey land can be decreed, a point upon which the authorities are in conflict (Bro. St. Fr., *s.* 463, and note), it is now unnecessary to decide, because we are satisfied that the services described in the bill do not support the claim. The averment in the bill that since the services were of a personal nature their value cannot be ascertained or estimated in money, and that compensation therefor cannot be adequately made except by the specific performance of the contract, is one of argument by inference from the facts stated. The facts positively averred do not warrant and support the inference. *Clark* v. *Manchester*, 62 N. H. 577, 580.

It is not averred, nor do the facts support the inference, that the parties did not contemplate the measurement of the value of the plaintiff's services by a pecuniary standard. The contract alleged, in substance, is that the plaintiff agreed to furnish Batchelder with board and lodging, nursing in sickness, the use of a barn, and entertainment for his friends, for which Batchelder agreed to pay her three dollars and a half a week and *to* convey to her, by will, one of two tracts of land in each of which he owned an undivided half. The plaintiff had no occupation of the land; in fact, it was never determined to which tract Batchelder would obtain the whole title. No facts are alleged from which it can be inferred that either the plaintiff or Batchelder regarded the land in any light except as further compensation to the extent of its pecuniary value, in addition to the weekly stipend. The services under consideration do not differ from those relied upon in *Ham* v. *Goodrich*, 33 N. H. 32,— the care, support, and comfort of the plaintiff's father as a member of the plaintiff's family. In that case it was determined (*p.* 44) that the services were not of a character to require specific per-

formance, and that the law provided a full and adequate remedy in the way of compensation in damages. This case is a decisive authority against the plaintiff. *Rhodes* v. *Rhodes*, 3 Sandf. Ch. 279, relied upon by the plaintiff, so far as it is in conflict with *Ham* v. *Goodrich*, cannot be followed here without overruling the latter case. The majority of the cases in which the doctrine of *Rhodes* v. *Rhodes* has been approved are clearly distinguishable from the present in that they present facts warranting the inferences that the services forming the consideration for the contract of conveyance were not intended to be measured by a pecuniary standard and are not capable of such admeasurement. In the case of a contract under which the relation of parent and child is assumed, under the agreement that the child shall receive all the property of the other at death, the consideration of the contract is not so much the personal service of the child as it is the assumption of the filial relation. In such case, it may be argued with great force that the value of that relation to the recipient of such services as naturally flow therefrom is not susceptible of measurement in money. The fact that the consideration for such services or the assumption of such relation is all of the property remaining at death, naturally an undetermined and indefinite amount, may also authorize the inference that the parties did not intend or expect remuneration for the services rendered according to their pecuniary value. Such are the facts in all the well considered cases in which the doctrine of *Rhodes* v. *Rhodes* is followed. *Sutton* v. *Hayden*, 62 Mo. 101; *Sharkey* v. *McDermott*, 91 Mo. 647; *Van Dyne* v. *Vreeland*, 11 N. J. Eq. 370; *S. C.*, 12 N. J. Eq. 142; *Wright v. Wright*, 99 Mich. 170; *Svanburg* v. *Fosseen*, (Minn.) 43 L. R. A. 427; *Kofka* v. *Rosicky*, 41 Neb. 328.

While there are cases in which facts substantially like the present have been held to avoid the bar of the statute under the authority of *Rhodes* v. *Rhodes*, such result is clearly beyond the principle of that case, and its applicability to cases of this character has been expressly denied. *Baldwin* v. *Squier*, 31 Kan. 283. Nothing is alleged or urged in the present case of any peculiar relationship between the parties the value of which is immeasurable in money. The knowledge and acquaintance of Batchelder with the plaintiff, and his consequent desire to secure her services alleged, would tend to establish a willingness on his part to pay a greater sum therefor. While these facts might enhance the value to him of the services rendered, they do not cause such value to become incapable of pecuniary estimation. Whether services rendered under the peculiar relations of the cases cited can or cannot be estimated in money, and whether in equity part performance of such a character is an answer to the statute of frauds, are questions not decided and upon which no opinion is intended to be expressed.

In the case before us "There is nothing to show that the value of the plaintiff's services cannot easily be determined and she awarded compensation therefor. In other words, it was simply a payment of the consideration in services and not in money." *Baldwin* v. *Squier, supra.* In the words of the Kansas court, "we do not think the difference in the manner of payment ought to take the case out of the statute," especially where, as in this case, as before suggested, the proposed services were evidently measured between the parties by a pecuniary standard.

The plaintiff does not need this bill to enable her to maintain her claim against the executor for compensation for the services rendered. A bill in equity cannot be maintained to recover a claim against the estate of a deceased person when the creditor has an ample remedy by proceedings in the probate court. *Joslin* v. *Wheeler*, 62 N. H. 169. In the prosecution of her claim in the ordinary mode, the plaintiff has an ample remedy, and in such proceedings can recover upon proof of the facts stated the reasonable value of her services. *Howe* v. *Day*, 58 N. H. 516. Upon the trial of that question, the value of what she may prove Batchelder contracted to pay will be evidence in connection with the fact whether the services were rendered for a greater or less time than could reasonably have been expected when the contract was made, and were more or less arduous than could reasonably have been understood they would be, to be weighed with other evidence tending to show what her services were reasonably worth. *Ham* v. *Goodrich*, 37 N. H. 185; *Emery* v. *Smith*, 46 N. H. 151. The recovery may be for less or more than the value of the land. It perhaps may be inferred from the bringing of the bill that the plaintiff expects to recover less, but a jury may take a different view.

*Bill dismissed.*

All concurred.