Hillsborough, }
  Feb. 2, 1904. }

WESTON, *Ex'r*, & *a.*  v.  ELLIOTT & *a.*

In an action for contribution, brought against co-sureties upon a probate bond by the executor of a surety who has paid more than his equitable share, the testimony of one defendant as to an oral contract of indemnity between the plaintiff's testator and the other defendant is not excluded by section 16, chapter 224, Public Statutes, when it appears that the witness was not party to the agreement and that his liability is not affected thereby.

BILL IN EQUITY, for contribution between co-sureties upon a probate bond signed by Joseph C. Moore, as principal, and James A. Weston, Alonzo Elliott, Frank Dowst, and Cora L. Brookhouse, as sureties. The executors and heirs of Weston are the plaintiffs, and Elliott and Dowst are the defendants.

The bill alleges, in substance, that, as the result of a suit upon the bond, judgment was rendered against Moore, the estate of Weston, and the other sureties; that Elliott has paid $10,703.29 in part satisfaction of the judgment, and the plaintiffs have paid the balance—$58,384.60; that neither Moore nor Brookhouse are possessed of any property open to attachment or levy, but that both Elliott and Dowst have such property. The prayer of the bill is that, the plaintiffs having paid more than their equitable share of the judgment, Elliott and Dowst be ordered to pay their just part and proportion thereof to the plaintiffs.

Before the case was called to be heard, Dowst moved that the

plaintiffs be required to amend their bill by bringing it against him severally and separately, and not jointly against him and Elliott, and that separate issues be made up for trial against him. In support of the motion, he filed an affidavit to the effect that he was induced to sign the bond upon the representation of Weston that the securities comprising the estate in which it was given were to be held in Weston's custody and under his control, so that it would be impossible for Moore to dissipate or squander them; that Weston agreed to keep the securities at all times under his control, and to fully protect the affiant from any danger of loss on account of the estate or the improper conduct of Moore; that Weston failed to perform his agreement, in that he permitted the securities to pass into the hands of Moore, who dissipated them; that the agreement with the affiant was separate and distinct from any agreement between Weston and Elliott; and that this suit was brought against Elliott and the affiant jointly, for the purpose of preventing Elliott from testifying in the latter's behalf.

Elliott filed the following plea: "The said defendant says that he signed the bond in said bill mentioned, as surety, at the suggestion and express request of James A. Weston in said bill mentioned; that said Weston stated to him that the estate of Nina D. Brookhouse in said bill mentioned consisted of securities and property that had been or would be placed in his custody and control by Joseph C. Moore in said bill mentioned, and agreed that if the said defendant would sign said bond as surety he would keep said securities and property within his control and would thus protect the said defendant from loss, and further agreed that he would fully indemnify him, the said Elliott, and save him harmless from all loss, cost, damage, and expense to which he might be subjected by reason of his so signing said bond, and that he so signed said bond absolutely relying upon said agreements, and otherwise would not have done so. Wherefore said defendant prays that said bill may be dismissed, and for his costs."

At the May term, 1903, of the superior court, the following ruling was made by *Pike,* J., subject to the plaintiffs' exception: "If upon a hearing of the case, either in its present form or amended as prayed for in the above motion, the executors elect not to testify, Elliott may nevertheless testify as to the terms of the alleged agreement, provided it appears that the agreement was between Weston and Dowst alone, and that Elliott was not privy thereto; and to determine this, Elliott may be a witness. This ruling is upon the provision that it shall be held that Elliott has not such an interest in the amount Dowst may be called upon to contribute as to constitute him a real party to the action against Dowst,

and to disqualify him as a witness thereby. If, however, it should appear that the alleged agreement was between Weston on the one side and Dowst and Elliott jointly on the other, Elliott's testimony shall be excluded."

*Taggart, Tuttle & Burroughs* and *Streeter & Hollis*, for the plaintiffs. Co-sureties are equally subject to a suit for contribution, independently of any special contract in regard to their relations. Their rights among themselves are interdependent, and any one is interested in any order that may be made against them or any of them. The claim for contribution is an appeal to justice made by one surety against all the others, and is not a bundle of separate and several suits, in number as many as there happen to be sureties. As between Elliott and Weston, Elliott is equally liable for one half the whole burden; and then if Elliott has to pay, he might look to Dowst for contribution in his turn for what he had paid more than his share,—in this case one sixth. In testifying for Elliott, therefore, Dowst is relieving himself of this liability and is therefore interested; and one who is in fact, though not technically, an interested party to the suit, cannot testify. *White* v. *Dakin*, 70 N. H. 632; *Foster* v. *Ela*, 69 N. H. 460. The object of the statute is equality, and equality will not be attained if this testimony is admitted. The whole history of legislation and decision in this regard in this state shows how strictly the line of equality is sought to be maintained. *Ballou* v. *Tilton*, 52 N. H. 605; *Dow* v. *Merrill*, 65 N. H. 107; *Stevens* v. *Moulton*, 68 N. H. 254; G. L., c. 228, s. 16; Laws 1889, c. 74. We ask in this action that this standard of equality be preserved, and that as to personal transactions with the deceased the lips of the living be closed.

The defendants argue that they are entitled as a matter of equitable right to have the issues against them severed, so that the one may testify for the other. It might be admitted that a court of equity has a right to sever the issues presented, provided some equitable reason therefor be shown. In this case, the only equitable right they show is a threatened injustice under the statute. The disability of the statute applies in equity as well as at law. *Robinson* v. *Wheeler*, 51 N. H. 384. A threatened injustice under the statute, therefore, is no ground for severance, where the statute itself, as here, provides for cases of injustice. No reason can be alleged for separating the issues that would not also be a reason for the admission of the testimony in the joint action as such, under section 17, chapter 224, Public Statutes; and yet they acknowledge that it is not competent in a joint action. Circumvention does not prevent the operation of the statute. It is no proper reason in equity to sever, that if joined they cannot testify.

Further, they depend on their own affidavits to show injustice. The decisions in this state are to the effect that the injustice required for the exercise of the discretion of the court must appear otherwise than from the testimony of the parties themselves. The mere refusal to admit the testimony does not constitute injustice within the meaning of the statute. The fact that the living parties alone have knowledge of the transactions, is reason for excluding the testimony and not for admitting it. *Perkins* v. *Perkins*, 68 N. H. 264; *Simpson* v. *Gafney*, 66 N. H. 261; *Sheehan* v. *Hennessey*, 65 N. H. 101; *English* v. *Porter*, 63 N. H. 206; *Berry* v. *McArdle*, 62 N. H. 354; *Tuck* v. *Nelson*, 62 N. H. 469; *Cochran* v. *Langmaid*, 60 N. H. 571; *True* v. *Shepard*, 51 N. H. 501; *Harvey* v. *Hilliard*, 47 N. H. 551.

These defendants would not have been competent witnesses for each other in an action at law for contribution, as in *Currier* v. *Baker*, 51 N. H. 613, had an executor been the plaintiff in that case; and the rule should be no different where contribution is sought by a bill in equity. The court is no more to separate the issues in equity than at law; and at law it could not be done. Admittedly, the only foundation for the motion filed by Dowst is to enable him to testify; and this is no foundation at all, as is seen from the cases cited above. His affidavit as to the existence of a contract between him and Weston must not be considered in deciding the question of injustice; and if that affidavit is disregarded, no reason at all appears for granting the motion.

The whole substance of the affidavits and proceedings by the defendants is an attempt to qualify themselves as witnesses. Each depends on the testimony of the other, and each is ready to swear for the other. Both intend to testify to precisely the same thing, and the whole testimony relates to a transaction between the defendants and the plaintiffs' testator, whose lips are sealed by death. Both would avoid the effect of that salutary statute which has so long been the law in this state. The very object of the statute is threatened, for the survivors are testifying to something which cannot be contradicted, and the "danger of admitting survivors," spoken of in *Chandler* v. *Davis*, 47 N. H. 462, is thrust fully upon us. Both these parties affirm what the executor is in no position to deny. Both seek to withhold that to which the estate is entitled, and by the same means.

Consider for a moment the allegations of the affidavits themselves. The first fourteen lines of Dowst's affidavit is purely Dowst's own testimony as to a contract of indemnity between him and Weston, and should be entirely disregarded on the ground before mentioned: that a party cannot give his own estimate of injustice. The next four lines expressly deny that the agreement was a joint

agreement with Elliott, and aver that it was a several agreement between Dowst and Weston. Here, again, he is speaking for himself, and the affidavit should be disregarded. He further avers that by this action Elliott may be prevented from testifying for him, or he for Elliott, at the trial of the cause, as to the facts relating to the conditions and circumstances under which they became sureties upon the bond, thus showing the reliance that each defendant places upon the other's testimony as a defence in this suit.

The court ruled that Elliott might testify in order to show that the agreement was between Weston and Dowst alone, and that Elliott was not in privity thereto ; and the clause in Dowst's affidavit as to the separate nature of the agreement with him was inserted to satisfy this ruling. But we submit that the ruling carries its own contradiction with it. Whether the agreement or agreements between Weston and these parties, or either of them, were several or joint, must be shown by some outside evidence other than that given by the parties themselves. When Elliott testifies that the agreement between Weston and Dowst was a separate agreement, is he not testifying that he was not a party thereto, and so reinforcing the testimony of Dowst in his turn? If Weston made two agreements, it is apparent from the affidavits, and from the declarations of the parties as to what they meant to show, that all three were present at the time the agreements were made. Owing to the death of one of the three (Weston), the other two (Elliott and Dowst) can without fear of contradiction make the agreement joint or several, as they choose. To permit them to give their version as to the joint or several character of the agreement, and then, under the pretext of testifying each for the other, give their version as to the terms of the agreement, would be utterly contrary to the spirit of the statute and directly within the mischief which the legislature meant to remedy. As sureties, Weston and Elliott and Dowst were all in the same boat, so far as appears from the face of the bond ; and we submit that the statutes of this state place the executors and Elliott and Dowst on the same footing, so far as testifying to transactions with the deceased in his lifetime is concerned. They are in defence of the suit, and they are in privity as to the transaction in the life of Weston, for they are both sureties on the same bond ; and outside of their own testimony, they are sureties in the same degree, so that the same proof would be conclusive against each.

The attitude of courts of other states toward similar statutes shows how our statute ought to be regarded. In Kansas, the statute prohibits testimony as to personal communications with the deceased. In *Wills* v. *Wood*, 28 Kan. 400, 408, the court said : " Where there are two persons on the one side, having like inter-

ests, they should, for the purpose of giving force to the statute, be considered as one, and neither be permitted to give her version of the conversations and statements of the deceased to the other in her presence." In Massachusetts, the statute provided that "where one of the parties to the original contract or cause of action is dead, the other party shall not be admitted to testify in his own favor." *Pettingill* v. *Porter*, 3 Allen 349, was an action of tort for the obstruction of a way. Several defendants were sued jointly, the plaintiff died, and the action was thereafter prosecuted by his administratrix. The court held that one of the defendants could not be allowed to testify in behalf of the others as to facts which affected them alone. "To adopt the construction of the judge, and allow the defendants to testify for each other, but not for themselves, would give rise to a multitude of nice questions, and would often make it necessary to permit the jury to hear evidence affecting the witness personally, but which the court must instruct them ought not to affect the case as to him."

*Burnham, Brown, Jones & Warren*, for Elliott.

*Oliver E. Branch*, for Dowst.

PARSONS, C. J.   The parties to the case are the executors of Weston, who have not elected to testify, Dowst, and Elliott. The court upon motion of Dowst made an order permitting the examination of Elliott in support of a special defence set up by Dowst. The only question transferred is that raised by the exception to this order.

The plaintiffs' contention is that the testimony of Elliott cannot be received under section 16, chapter 224, Public Statutes, which provides that when one party to a suit is an executor neither party shall testify, unless the executor elects to testify. This provision is merely an exception to the general provision making all persons competent as witnesses, whether interested as parties, or otherwise, and does not impose any new restrictions upon the competency of witnesses. The law as to the excepted classes remains as it was before the legislation upon the subject. *Stevens* v. *Moulton*, 68 N. H. 254; *Snell* v. *Parsons*, 59 N. H. 521.

"Parties named upon the record were not as such and upon that account incompetent; their incompetency arose exclusively from their interest, and if they were willing to give evidence they might be called by the opposite parties." Stark. Ev. *127. Merely nominal parties to the record, who had no interest in the result, could testify (*Piddock* v. *Brown*, 3 P. Wms. 288,—2 Eq. Cas. Abr. 397, *var.* 13; *Jackson* v. *Barron*, 37 N. H. 494; *Wal-*

*lace* v. *Blanchard*, 3 N. H. 395) ; and a defaulted defendant having no interest, or whose interest was adverse or balanced, could be a witness for his co-defendant. *Chase* v. *Pitman*, 69 N. H. 423. In short, as said in *Page* v. *Whidden*, 59 N. H. 507, 511, "at common law, the general rule, both at law and in equity, excluding parties as witnesses, had exceptions." *Peirce* v. *Burroughs,* 59 N. H. 512. In chancery, parties to the record were subject to examination as witnesses much more freely than at law. 1 Gr. Ev., s. 361. Under certain circumstances, one defendant could use a co-defendant as a witness. A party to the suit, however, could not be examined except upon leave granted by the court for that purpose. Such order was, however, granted as of course upon affidavit that the party was a material witness and was not interested on the side of the applicant in the matter as to which such examination was proposed,—the order being made subject to all just exceptions. *Second Cong. Society* v. *Society*, 14 N. H. 315, 325 ; *Comstock* v. *Hadlyme*, 8 Conn. 254, 262 ; *Neilson* v. *McDonald*, 6 Johns. Ch. 201 ; 2 Dan. Ch. Pr. 1043–1045. See *Souverbye* v. *Arden*, 1 Johns. Ch. 240, 246, 247.

The rule and the reason for it are stated by *Parker*, C. J., in the New Hampshire case cited (*pp.* 325, 326), adopting the language of Gresley's Equity Evidence 338, as follows : " As a suit in equity often contains many issues, and the general rule compels all who are interested in any way to be made parties, either plaintiffs or defendants, it often happens that a person who could furnish material evidence respecting one point in dispute is precluded from doing so by being made a party, in consequence of some interest in another point. Others, who might be witnesses, are often made parties for form's sake, as a mere trustee. Leave is therefore frequently given in equity for a party to be examined, on motion suggesting that he is *not interested*, and *saving all just exceptions*. The interest spoken of in the motion is interest in the matter to be examined into, not interest generally in the cause." If, however, after the taking of the evidence it appeared that the party was interested at the time of testifying, the use of the testimony was not permitted. *Second Cong. Society* v. *Society*, *supra ; Bell* v. *Woodward*, 46 N. H. 315, 336 ; *Mohawk Bank* v. *Atwater*, 2 Paige 54, 60, 61.

The ruling of the superior court followed this practice, making due allowance for the change in the method of presenting evidence. The substance of the ruling was that Elliott's testimony should be received if he had no interest in the matter to which it related, and should be excluded if it appeared that he was interested. The power of the court to make the order was, as has been seen, not taken away by the statutory change rendering wit-

nesses competent who had previously been incompetent because of interest. The exception must be overruled. For the same result under a similar statute, see *White* v. *Ross*, 147 Ill. 427.

Whether Elliott is interested in the subject-matter about which Dowst proposes to examine him, is a question which might. properly be left until the evidence is presented. The most that can now be said is, that upon the facts now before the court Elliott has no interest in the issue whether Weston did or did not by a separate contract agree to idemnify or save Dowst harmless from loss in consequence of his signing Moore's bond as surety.

The liability of each of the parties and the full amount of their several liability has been settled by the judgment against them. The bill alleges that Moore, the principal, and Brookhouse, the other surety, are insolvent, that Dowst and Elliott are solvent, and· that Elliott has paid $10,703.29 and the plaintiffs $58,384.60 in satisfaction of the judgment, while Dowst has paid nothing. None of these facts appear to be disputed. In this situation, each of the three responsible sureties, as between themselves, was bound to pay one third of the judgment. Any one paying more than his share can recover, either in a bill in equity or by an action at law, contribution for the excess by him paid, of· the one who has paid nothing or less than his share. *Boardman* v. *Paige*, 11 N. H. 431 ; *Walker* v. *Cheever*, 35 N. H. 339. Dowst having paid nothing, the pleas (treating Dowst's affidavit as a plea) admit, except for the defence set up in them, the right of the plaintiffs to recover of Dowst one third of the judgment and of Elliott the same amount, less the amount which Elliott has already paid. Whether Dowst succeeds or does not succeed in establishing that he is not liable to the plaintiffs because of Weston's agreement with him, will not affect the result of the cause as against Elliott.

Elliott, on the facts now before the court, has no more interest in the subject-matter of Dowst's defence than he would have in a suit by Dowst against the plaintiffs or some third party on a similar contract of indemnity, brought after payment by him of his proportion of the judgment. "The disqualifying interest of the witness must be in the event of the cause itself, and not in the question to be decided. His liability to a like action, or his standing in the same predicament with the party, if the verdict cannot be given in evidence for or against him, is an interest in the question only, and does not exclude him." 1 Gr. Ev., *s.* 389 ; *Fuller* v. *Rounceville*, 31 N. H. 512, 518. Hence the fact that Elliott claims Weston made a similar, separate agreement with him does not disqualify him. A judgment establishing that Weston made the agreement claimed with Dowst would not be evidence that he made a similar agreement with Elliott, even if otherwise competent.

Whether Dowst pays his share of the judgment by the recovery or recoupment of damages due him for the breach of a contract of indemnity with the plaintiffs' testator or some third person, or by suffering a levy upon his property, does not affect Elliott's liability to the plaintiffs. The plaintiffs do not claim to recover of Dowst more than his share. If they did, and the result of the failure of Dowst's defence would be that Dowst would be compelled to pay more than his share, Elliott's interest would still be balanced, for he would remain liable for his share to any surety who had paid in excess, and it would be immaterial to him whether he paid the plaintiffs or Dowst. *Hill* v. *Sweetser*, 5 N. H. 168, 170, 171. The release by one surety of his claim against another for contribution has not the effect to discharge the claim of the surety paying against the other sureties, but does operate like a payment, to release the other sureties from their liability to contribute to make up the share so adjusted. *Currier* v. *Baker*, 51 N. H. 613, 618. It is suggested that, as between Weston and Elliott, Elliott is liable for one half the judgment, and that his testimony for Dowst tends to release him from one sixth of the judgment by reducing his liability from one half to the one third. Assuming that an agreement to indemnify one surety by another would have the same effect as a discharge of the claim for contribution by one against the other after it accrued, if Dowst were insolvent Elliott would be interested to that extent. But until Dowst's insolvency appeared, Elliott's interest would be uncertain, remote, and contingent, dependent upon facts not involved in the trial of the cause. An interest of this nature does not exclude a witness. *Manchester Bank* v. *White*, 30 N. H. 456, 459; *Hill* v. *Barney*, 18 N. H. 607, 610; *Stewart* v. *Kip*, 5 Johns. 256; 1 Gr. Ev., *s.* 408.

No question as to Dowst's insolvency is now in issue. The plaintiffs proceed upon the ground that he is solvent, and the only issues are whether he and Elliott shall each be required to pay one third of the judgment. If the plaintiffs proceeded upon the ground that Dowst were insolvent, and claimed one half of the judgment should be paid by Elliott, it may be clear that Elliott could not testify to the agreement with Dowst for the purpose of reducing his share to one third. But the plaintiffs cannot be permitted to bring their suit against Dowst upon the ground that he is solvent and liable for one third, thereby excluding him from testifying, and at the same time claim that he is insolvent and that Elliott is liable for one half, and exclude Elliott's testimony also.

It is further urged that the testimony of the parties is offered to establish that it would be unjust to exclude them from testifying, whereas the rule is, it is claimed, that the injustice which will

authorize the court, under section 17, chapter 224, Public Statutes, to permit a party to testify, must appear otherwise than from the testimony of the party. *Sheehan* v. *Hennessey*, 65 N. H. 101, 102; *Cochran* v. *Langmaid*, 60 N. H. 571; *Harvey* v. *Hilliard*, 47 N. H. 551. But the testimony of Elliott is offered, not to prove the injustice of excluding him as a witness for himself, but to establish his want of interest in the defence set up by Dowst and hence his competency upon that issue as matter of law. 1 Gr. Ev., ss. 424, 425; *Walker* v. *Sawyer*, 13 N. H. 191, 195. While questions might have been raised in the suit common to both defendants, it appears that as to all those questions there is no dispute. The plaintiffs claim several judgments against each defendant. As to the only matters in controversy and the judgments which may be rendered, the interests of the defendants are several and distinct. As to everything in controversy, the proceedings in reality are two independent actions. No reason is perceived why the issues raised in each action may not properly be separately tried by the court or a jury. To the action or issue between the plaintiffs and Dowst, Elliott is not a party and can testify under the terms of the statute. *Chase* v. *Pitman*, 69 N. H. 423; P. S., c. 224, s. 17. Neither will the judgment for or against Dowst be evidence for or against Elliott, or bind him in any way.

*Exception overruled.*

BINGHAM, J., did not sit: the others concurred.