Hillsborough, }
Jan. 4, 1910. }

## EAGAN v. KENNEY, Adm'r, & a.

In an action to establish a resulting trust in property purchased with the plaintiff's funds by a person since deceased, the plaintiff's testimony as to the transaction is admissible against heirs-at-law who are parties to the suit, but not against the administrator.

BILL IN EQUITY, to establish a resulting trust. Transferred from the May term, 1909, of the superior court by *Chamberlin*, J.

The defendants are the administrator and heirs-at-law of James S. Kenney, and the plaintiff was his fiancee. Subject to exception, she was permitted to testify in relation to matters as to which he could have testified if living. If her testimony was admissible, there is to be a decree in her favor.

*James A. Broderick*, for the plaintiff.

*Burnham, Brown, Jones & Warren*, for the defendants.

YOUNG, J. The court found that James bought the house with the plaintiff's money, and the evidence warrants the finding in so far as the plaintiff's testimony was admissible. Although it was inadmissible against the administrator (*Parsons* v. *Wentworth*, 73 N. H. 122; P. S., c. 224, s. 16), it was admissible against the heirs-at-law (*Crowley* v. *Crowley*, 72 N. H. 241); for the mere fact that the administrator is a party does not make her testimony incompetent as to them. *Weston* v. *Elliott*, 72 N. H. 433. The bill therefore must be dismissed as to the administrator, but as to the heirs the decree stands; and he will treat her share of the house in settling James' estate just as he would if James had devised it to her.

*Case discharged.*

All concurred.