Hillsborough, }
Dec. 5, 1916. }

## DORA H. MUIR v. DANIEL BARTLETT.

Unless fraud would result from the non-performance of an oral contract to convey land equity will not decree specific performance.

Part performance of an oral contract to convey land cannot be established by proof of personal services which may be compensated in money, or by proof of the promisee's occupation of the premises without any radical change in his place of abode, manner or plan of life or means of support.

The rule excluding the testimony of the surviving party under P. S., c. 224, s. 16, does not apply where the administrator is not a party in his representative capacity and relief is sought against him not as administrator but as heir of the deceased.

BILL IN EQUITY, praying for the specific performance of an alleged oral contract by which Eben L. Bartlett, deceased, agreed to convey certain real estate on Harrison Street in Manchester to the plaintiff, in consideration of her promise to occupy the premises and render certain services to him as a housekeeper and nurse. The defendant is the heir and administrator of Eben, who died intestate. The case was heard by a master who reported the facts, which are sufficiently referred to in the opinion. The defendant excepted to the order overruling his demurrer to the bill, and denying his motion that upon the evidence and the findings the bill be dismissed. The rights of the defendant under the demurrer are transferred without ruling. The plaintiff excepted to the refusal of the master to receive the testimony of the plaintiff in regard to facts which the deceased could testify to, if alive. The bill was brought against the defendant both as heir and as administrator, but at plaintiff's instance was discontinued against the estate. Transferred from the May term, 1916, of the superior court by *Sawyer*, J.

*John M. Stark, Martin & Howe* and *William W. Thayer* (*Mr. Thayer* orally), for the plaintiff.

*Moodybell S. Bennett, Cyrus A. Sulloway* and *Jones, Warren, Wilson & Manning* (*Mr. Manning* orally), for the defendant.

WALKER, J. The findings of the master do not authorize a decree for specific performance. He does not specifically find what the terms of the contract were in accordance with which the plain-

tiff moved into and occupied the deceased's premises. The most
that is stated is, that he "induced" her to give up her home and busi-
ness on Union street and set up a lodging house in his house on Harri-
son street, "under the promise of the gift of the same to her, where
he could come to be taken care of by her whenever he should demand
it." This finding is based upon casual remarks made by him as to
the general effect of the contract, which it does not appear he at-
tempted at any time to state concisely or fully. Her assent to his
proposal as well as her obligation is left largely to inference and sur-
mise. The contract as disclosed by the report is not clear, definite
and complete. Pom. Cont: Spec. Perf. (2nd ed.) *ss.* 159–161. While
she occupied the premises after the contract was made, for about
two months or until his death, it is not found what the character
of her possession was, whether she claimed a right of possession
referable to the contract, or whether the contract itself even defined
or specified when the conveyance should be made. If she occupied
the premises claiming to be the fee simple owner under and in ac-
cordance with the contract, her possession might be said to be
adverse and constitute a part performance of the contract. *Emery
v. Dana,* 76 N. H. 483, 488. But her undefined occupation cannot
have that effect.

If, however, it could be held that the master's report is sufficiently
definite to show what the agreement was, there is not only no finding
that the plaintiff will be defrauded if the contract is not carried out,
but no facts are reported which sustain such a conclusion. Unless
fraud would result from the non-performance of a parol contract to
convey land, it is the established doctrine in this jurisdiction that
equity will not decree specific performance. *Stillings* v. *Stillings,*
67 N. H. 584; *White* v. *Poole,* 74 N. H. 71; *Emery* v. *Dana, supra.*
For the services the plaintiff rendered in caring for the deceased no
reason is apparent why she cannot recover compensation from his
estate. So far as appears no substantial difficulty exists in estimat-
ing their value by a pecuniary standard. *Ham* v. *Goodrich,* 33 N.
H. 32; *Weeks* v. *Lund,* 69 N. H. 78, 82. The fact that the deceased
believed from his acquaintanceship with the plaintiff and his knowl-
edge of her faithfulness as a nurse that she would prove to be the
most competant and satisfactory person he could secure for the
performance of these services, does not show they could not be
valued in money, but merely that he might have regarded them as
especially valuable. *Weeks* v. *Lund, supra,* 83. There is little
to indicate that the parties regarded the services she promised to

render as incommensurable in money. No peculiar relationship of confidence or regard, such as might warrant a finding of that kind, is shown to have existed between the parties.

Nor did the plaintiff change "her plans for life" in consequence of the contract, within the reasonable meaning of that expression as used in White v. Poole, 74 N. H. 71, 73. What, if any, definite plans she had for her future support and comfort is not disclosed; hence it cannot be said that she made any special sacrifice on that account. It is true that in consequence of her arrangement with Mr. Bartlett she moved from her home in a rented house to his house in the same city, but did not give up her lodging house business or make any substantial change except that of moving and discontinuing a small mattress business she had carried on. In fact there is no evidence that at the time the contract was made she contemplated any radical change in her place of abode, her manner of life, or her means of support, or that she gave up, in consequence of the contract, any opportunity or prospect of improving her condition in life. She merely moved from one lodging house to another and did not in any material sense change her situation or mode of life, or sacrifice any prospective benefits which could be reasonably anticipated.

If, therefore, it is assumed in accordance with the plaintiff's claim that in consideration of her promise to move to Mr. Bartlett's house and perform for him the services of nurse, housekeeper, or attendant, he promised to convey the house to her when she entered upon the performance of her agreement, specific performance cannot be decreed in the absence of facts showing that she would be the victim of a fraud, if equitable relief is denied. The defendant's exception to the insufficiency of the facts to warrant a decree for the plaintiff is sustained. But as it is practically conceded that the administrator of the deceased's estate is not legally interested in the suit, since the estate is solvent, it was error for the master to refuse to permit the plaintiff to testify to facts occurring during the lifetime of the deceased in regard to which he might have testified if he had been alive, for the mere reason that the administrator did not elect to testify. P. S. c. 224, s. 16. At the time her testimony was offered, the bill so far as it related to the administrator had been properly dismissed. He was no longer even a nominal party in that capacity. The relief then sought was against him as the heir of the deceased and not as the administrator. Under such circumstances her testimony should have been received. The plaintiff's exception

to its exclusion must be sustained. *Crowley* v. *Crowley*, 72 N. H. 241; *Eagan* v. *Kenney*, 75 N. H. 410. In view of this error the master's report must be set aside.

Whether the bill is demurrable in its present form need not be determined, since upon a new trial such amendments may be made as may seem to be necessary.

*New trial granted.*

All concurred.