SOUHEGAN NATIONAL BANK *v.* WALLACE, *Adm'r.*

On an appeal from a commissioner of insolvency, the creditors' claim is heard and tried as though no prior proceedings had been had, and, except in determining the costs, it is immaterial whether it was allowed or disallowed by the commissioner.

APPEAL, from a commissioner of insolvency, by W. H. T. and heirs. The report of the commissioner, as originally returned to the probate court, erroneously stated the plaintiffs' claim at less than the sum actually allowed, and upon petition it was recommitted for a correction of the error. The administrator was aware of the error, and requested the commissioner to correct it. By the correction, the amount allowed the plaintiffs, as shown by the first report, was largely increased. The appellant objected that no sufficient notice was given of the hearing to correct the error, and that for this reason the plaintiffs could not recover beyond the amount of the claim as originally set down in the report. The court ruled otherwise, and the appellant excepted. Against the appellant's objection the plaintiffs were allowed to amend their declaration by inserting a claim for interest.

*Cutter* and *Sawyer & Sawyer, Jr.*, for the appellant.

*A. W. Sawyer*, for the plaintiffs.

CLARK, J. It is unnecessary to determine whether the course of procedure in correcting the error in the commissioner's report was in conformity to the statute, because, an appeal being taken, the amount of the plaintiffs' claim is determined by the judgment on the appeal, and not by the sum stated in the commissioner's report. On appeal from a commissioner of insolvency, the creditor's claim is heard and tried as though no prior proceedings had been had, and, except in determining the costs, it is immaterial whether it was allowed or disallowed by the commissioner. The only limitation is, that the claim must be the same that was presented to the commissioner. *Rich* v. *Eldredge*, 42 N. H. 246, 253. If the plaintiffs' claim was interest bearing interest, it should be allowed (G. L., *c.* 199, *s.* 8), and it does not appear that the amendment was necessary or material. The plaintiffs could be allowed to amend as in a suit originally brought in the trial term of this court. G. L., *c.* 200, *s.* 17. The amendment adding to the declaration a claim for interest was allowed, upon facts appearing at the trial term. And as those facts are not stated in the reserved case, the appellant shows no error of law, and does not sustain his exception to the allowance of the amendment.

*Exceptions overruled.*

STANLEY, J., did not sit: the others concurred.