Hillsborough, }
May 6, 1902. }

## RICE v. CONNELLY, *Adm'r.*

An action of detinue brought against an administrator to recover property loaned to the decedent is not barred by the statute of limitations until six years after the date of some act of dominion or claim of ownership by the decedent inconsistent with the plaintiff's title, of which the latter had actual or constructive notice, and which would serve as the foundation of an action for conversion.

An action to recover property wrongfully detained by the borrower's administrator is not barred by the owner's failure to present his demand to the commissioner appointed to allow claims against the decedent's insolvent estate.

The fact that a claimant presented promissory notes to the commissioner of an insolvent estate and received a dividend thereon does not estop him from subsequently bringing an action against the administrator for the wrongful detention of property loaned to the decedent and known to have been appraised as part of the estate.

DETINUE, for a string of gold beads. Pleas, the general issue and the statute of limitations. Trial at the September term, 1901, of the superior court, before *Young*, J., and verdict for the plaintiff.

The plaintiff's evidence tended to prove that she loaned Addie Connelly, the defendant's intestate, a string of gold beads between 1880 and 1885, and that Addie retained them until October 5, 1898, when she died. The defendant was appointed administrator of Addie's estate shortly after her death, and administered the beads as part of it. The plaintiff demanded the beads from the defendant immediately after he was appointed administrator, again a short time after she knew that they were appraised as a part of Addie's estate, and again after Addie's estate was fully administered. The plaintiff knew of the appraisal when it was made.

Addie's estate was insolvent and was so administered. The plaintiff presented three notes to the commissioner, but did not present any claim for the beads. After Addie's estate was fully administered and the plaintiff had received her dividend, she brought this action. The defendant's evidence tended to prove that the beads were Addie's and that she claimed they were given to her by her mother.

The defendant's motions for a nonsuit and for a verdict in his favor were denied, subject to exception. The questions thus raised were transferred.

*Brown, Jones & Warren*, for the plaintiff.

*Oliver E. Branch* and *Willis G. Buxton*, for the defendant.

CHASE, J. The court must have found that the plaintiff originally had a good title to the beads, and that the decedent was only a bailee. But the defendant says the facts reported show that the title passed from the plaintiff to the decedent by operation of the statute of limitations. This statute would not begin to run until the decedent exercised some act of dominion over the beads, or asserted some claim in respect to them that was inconsistent with the plaintiff's ownership, of which the plaintiff either had actual notice or was chargeable with notice, and which would serve as the foundation of an action for their conversion; and the statute would not operate to bar the plaintiff's title until six years had elapsed after the date of such inconsistent act or claim. P. S., c. 217, s. 3; *Baker* v. *Chase*, 55 N. H. 61; *Taylor* v. *Gerrish*, 59 N. H. 569. It does not appear when, if at all, the decedent set up a title in opposition to the plaintiff's title; it may never have been done. Testimony tending to show that the beads were the decedent's by gift from her mother does not establish the fact that there was such a gift; and still less does it establish the fact that a title of that kind was ever set up as against the plaintiff.

Another position taken by the defendant is that the plaintiff's right is barred because the demand was not presented to the commissioner appointed to allow claims against the estate of the decedent. P. S., c. 193, s. 18. This position cannot be sustained, for the reason that the plaintiff is not seeking to recover a just demand which the deceased owed to her (P. S., c. 192, ss. 1, 8), but, as owner of the beads, is seeking to recover them in specie of the defendant, who had possession of them and refused to deliver them to the plaintiff on demand. The gist of the action is the defendant's wrongful detainer of the beads, not an act or omission of the decedent. 1 Ch. Pl. 122, 123. The action is against the defendant and not the estate. 1 Ch. Pl. 90.

The defendant says, finally, that the plaintiff is estopped from maintaining the action because she proved certain notes against the estate and received a dividend upon them before bringing the action. The defendant has no ground for claiming that he was induced to include the beads in the assets of the estate by bad faith on the part of the plaintiff. She made no false representations in respect to her title to the beads ; and she demanded them of the defendant repeatedly, claiming to own them. Apparently, the defendant, with full knowledge of the plaintiff's claim and of her intention to assert it, charged himself with the value or the proceeds of the beads of his own motion in his account of administration. The decree allowing the account was the act which caused the value of the beads to increase the plaintiff's dividend. When the plaintiff received the dividend she may not have known that it was increased in this way. The testimony failed to prove the essential elements of an equitable estoppel. *Horn* v. *Cole*, 51 N. H. 287.

*Exceptions overruled.*

All concurred.