Hillsborough,  }
   Oct. 6, 1903.  }

## ELWELL v. ROPER & a., Ex'rs.

Certain evidence deemed sufficient to warrant a finding that services for
  which compensation is sought were rendered with an expectation of pay-
  ment therefor, both on the part of the plaintiff and the person benefited
  thereby.

Where the evidence discloses a promise on the part of a decedent that the
  plaintiff should be fully paid for services "in the end," an action against
  the estate to recover therefor is seasonably begun if brought within six
  years after the termination of the employment and the death of the prom-
  isor.

A motion to dismiss a probate appeal on the ground of variance is properly
  denied when no essential difference is apparent between the claim set forth
  in the specification and that filed with the commissioner, and the evidence
  adduced upon the trial is restricted to the claim as originally presented.

In an action against the estate of a person deceased to recover for services
  rendered, evidence that a similar claim presented by another person was
  allowed by the commissioner in insolvency is incompetent, and its admis-
  sion furnishes sufficient cause for setting aside a verdict for the plaintiff.

PROBATE APPEAL.   Trial by jury and verdict for the plaintiff.
Transferred from the January term, 1903, of the superior court
by *Stone*, J.

Elmira D. Whittemore, the defendants' testatrix, died October
6, 1898.  The plaintiff filed a claim with the commissioner upon
the estate, for $2,492 for extra services as housekeeper and nurse,
and for attendance to business affairs, from July, 1874, to April,
1896.  The claim was disallowed upon objections made by the
defendants, and this appeal was taken.  Prior to the trial, the
plaintiff filed a specification which stated that the action was
brought to recover reasonable ·compensation for services as house-
keeper and attendance to business affairs, rendered at the request
of the testatrix during the period mentioned in the original claim,
and which fixed the amount of such claim at $18 per month.  The
brief statement of defence alleged payment, an adjustment of all
claims and demands, and that the plaintiff's cause of action did
not accrue within six years before the decease of Mrs. Whitte-
more.  To the plea of the statute of limitations the plaintiff replied
a new promise.  After the jury were impaneled the defendants
moved to dismiss the appeal, on the ground that the claim set
forth in the specification was not the same as that filed with the
commissioner.   The motion was denied, and the defendants
excepted.  The court ruled that proof should be restricted to

the claim as originally filed, and that the specification might be amended to conform thereto.

The plaintiff's evidence tended to prove the following facts : In 1865, the testatrix took the plaintiff, her niece, who was at that time about fourteen years old, to bring up and educate. In 1873 the aunt married Whittemore and removed to West Manchester, and the plaintiff from that time lived and worked in the family until April, 1896. Mr. Whittemore died in 1895. Mrs. Whittemore was an invalid for many years before her death. During the greater portion of the time she was unable to go up and down stairs, and the plaintiff waited upon her in her room. During the period of the plaintiff's service Mrs. Whittemore was operated upon three or four times, and on these occasions her only nurse, day and night, was the plaintiff, excepting such attention as her husband gave. Mrs. Whittemore's mother was a member of the family until her death in 1885, and during the last years of her life was confined to her room by illness. The plaintiff attended to all her wants, and also acted as day nurse for Mr. Whittemore during his last illness. Until 1891 the plaintiff also attended to the regular household duties without assistance. On one occasion Mrs. Whittemore stated that the plaintiff was working for two dollars per week, but that "she would be fully paid in the end"; at another time she said that she had never fully paid the plaintiff for her services, but would do so when the land was sold; and about a year and a half before her death she said that the plaintiff had been very faithful and should have her pay for it. None of these statements was made in the presence of the plaintiff.

There was no evidence as to the amount paid the plaintiff up to the time of Mr. Whittemore's death. Soon after the plaintiff left, Mrs. Whittemore sent her a sum of money by Miss Babbitt. The plaintiff kept a part of the money and returned the balance, saying that Mrs. Whittemore had overpaid her. The messenger testified that she did not know that the overpayment was for services rendered by the plaintiff after she left Mrs. Whittemore, but understood it was for work done before that time. Neither Mrs. Whittemore nor the plaintiff informed Miss Babbitt for what services the money was intended as compensation. Subject to exception, the same witness testified that she presented to the estate of Mrs. Whittemore a claim for services rendered prior to the death of Mr. Whittemore, and that it was paid; that while she was employed in the family she was working for Mrs. Whittemore ; that it was Mrs. Whittemore who promised to pay her, and it was upon her that she relied.

At the close of the plaintiff's evidence the defendants moved to dismiss the appeal, upon the ground that the claim made was not

the same as that presented to the commissioner. They also moved for a nonsuit, upon the ground that there was no evidence from which the jury could find a new promise to pay for services rendered more than six years prior to the commencement of the action. At the close of all the evidence they moved that a verdict be directed in their favor. These motions were denied, and the defendants excepted.

*Brown, Jones & Warren*, for the plaintiff.

*Oliver E. Branch* and *Harry E. Loveren*, for the defendants.

REMICK, J. 1. There was evidence from which reasonable men might find that the extra services for which the plaintiff claims compensation in this action were rendered with the expectation and belief, both on her own part and on the part of Mrs. Whittemore, that Mrs. Whittemore was to pay her therefor. *Munger* v. *Munger*, 33 N. H. 581, 584; *Seavey* v. *Seavey*, 37 N. H. 125; *Bundy* v. *Hyde*, 50 N. H. 116; *Sabine* v. *Merrill*, 67 N. H. 226; *Saunders* v. *Saunders*, 90 Me. 284. But there was no evidence of any understanding, either express or implied, that the services in question were to be paid for as they were performed. On the contrary, the whole tenor and effect of the evidence was, that for these services the plaintiff "would be fully paid in the end." Whether "in the end," as expressed in the evidence, had reference to the termination of Mrs. Whittemore's life or of the plaintiff's employment is immaterial; for in either view the action was seasonably begun, independently of the alleged new promise. Wood Lim. (Gould ed.) 303, 304, and cases cited in notes; *Littler* v. *Smiley*, 9 Ind. 116; *Crampton* v. *Logan*, 28 Ind. App. 405; *Carter* v. *Carter*, 36 Mich. 207. It follows that the refusal of the court to grant the defendants' motions for nonsuit and verdict, upon the ground that there was not sufficient evidence to warrant the jury in finding a new promise, presents no reversible error; for in the view entertained by the court, upon the record as now presented, a new promise was not essential.

2. The defendants' motions to dismiss, on the ground of alleged difference between the claim exhibited to the commissioner and the specification filed on appeal, were properly denied. No essential difference is apparent. Moreover, the evidence was confined to the claim as originally filed, and the trial proceeded upon that basis.

3. Upon the record, we cannot say that the evidence showed so conclusively that the plaintiff had been paid in full by Mrs. Whittemore that reasonable men could not have found to the contrary.

4. It is apparent from the record that it was in issue whether the plaintiff was in the service of Mr. or Mrs. Whittemore; in other words, whether the obligation in question was hers or his. Upon this issue, the fact that she hired the help and ran the house generally on her own account was material. The testimony of Miss Babbitt, who was employed in the Whittemore household during a considerable portion of the time for which the plaintiff seeks to recover, that while she was working there she was working for Mrs. Whittemore, that it was Mrs. Whittemore who promised to pay her, and that she relied upon Mrs. Whittemore for her pay, had some tendency to establish that fact and was competent. But we are unable to see what legitimate bearing the statement of the witness that she presented her claim against the estate of Mrs. Whittemore, and that it was paid, could have upon the issue suggested. The statement amounted to nothing more or less than evidence of the conclusion of one tribunal—the commissioner of insolvency—upon a question of fact, to influence another tribunal having a similar question before it, between other parties, to find the fact in the same way. That such testimony is incompetent is settled by the repeated decisions of this court. *King* v. *Chase*, 15 N. H. 9, 13; *Hayward* v. *Bath*, 38 N. H. 179; *Smith* v. *Smith*, 50 N. H. 212, 217. Because of the error in this respect, the verdict must be set aside and a new trial granted. This conclusion renders it unnecessary to consider the other exceptions presented by the record.

*Exception sustained.*

All concurred.