SADIE HIRSCHBERG, RESPONDENT, v. HARRY HOROWITZ AND DAVID COHN, AS EXECUTORS OF THE LAST WILL AND TESTAMENT OF ISRAEL HOROWITZ, DECEASED, APPELLANTS.

Argued May 16, 1928—Decided October 15, 1928.

For the appellants, *Cohn & Cohn.*

For the respondent, *Ward & McGinnis.*

The opinion of the court was delivered by

LLOYD, J. Sadie Hirschberg, plaintiff below, brought the present action against the executors of Israel Horowitz to recover damages for breach of an alleged verbal contract whereby Horowitz agreed that if she, Mrs. Hirschberg, and her husband would give up their home and live with the said Israel Horowitz and his wife during the lives of the latter, assisting and caring for them, and Mrs. Hirschberg acting as a companion, he, Horowitz, would devise and bequeath to the plaintiff all his estate at his death, the estate consisting of both real and personal property.

At the trial it appeared that the plaintiff and her husband performed their part of the agreement, but that Horowitz did not. A verdict was rendered for the plaintiff in the sum of $9,000, and upon this verdict judgment was entered.

The executors appeal and urge numerous grounds for reversal, but two of which, however, adequately bring before us any ruling in the trial court. These are that the court wrongfully denied defendants' motion for nonsuit and that the

charge improperly instructed the jury that the only definite amount open to it to award was $11,000—the value of the estate.

On the record of the case as it stands we think the judgment must be reversed on both grounds. The action was to recover on a contract which was void under section 5 of the statute of frauds (*Comp. Stat., p.* 2612), which declares that "no action shall be brought * * * upon any contract or sale of lands * * * unless the agreement upon which such action shall be brought, or some memorandum or note thereof shall be in writing and signed by the party to be charged therewith or by some other person thereunto by him or her lawfully authorized."

We think the law is settled that the contract sued on falls within the inhibition of the statute. *Smith* v. *Smith, Admr.,* 28 *N. J. L.* 208; *Cooper* v. *Colson,* 66 *N. J. Eq.* 328; *Lozier* v. *Hill,* 68 *Id.* 300.

It is urged, however, by the respondent that the judgment should be sustained as based on a *quantum meruit* for services rendered. The difficulty here is that no such issue was presented by the pleadings or tried before the court and jury. The complaint as filed rests wholly on the alleged contract and seeks damages for its breach by the deceased, and the portion of the charge complained of and already referred to submitted to the jury the value of Horowitz's estate as the measure of damages and not the value of the services rendered. The contract itself being invalid, it follows that recovery could not be predicated on its breach and that the court erred in submitting to the jury the value of the estate as a guide to reaching a verdict.

It may be that the respondent has a valid claim for services rendered at their reasonable value. To test this right she should be permitted to amend the complaint by setting up a claim based on such reasonable value and have the case retried on the complaint as so amended. The judgment under review, however, cannot stand, and it is accordingly reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 14.