ELWIN H. APPLIN *v.* GEORGE F. KNOWLTON, *Adm'r.*

*Philip H. Faulkner*, for the plaintiff.

*Arthur Olson*, for the defendant.

SNOW, J. The claim disallowed by the commissioner, was evidenced by two notes, one of which read, "$500.00 Feb. 23rd 1928 Three months after date we promise to pay to the order of Cheshire Nat. Bank Five Hundred Dollars.
Payable at        Value received."
And was signed "Cora E. Manch   Henry Manch   William Manch E. H. Applin."
Following the entry of the plaintiff's appeal, the defendant filed a petition alleging that "said note is a joint note and not a joint and several note," and praying for permission to cite the said Cora and William to appear as parties defendant. Subject to the defendant's exception, the court revoked an order of notice already issued, and denied the prayer of his petition. The grounds for such revocation and denial are not stated.

While the liability on the note presented to the commissioner here is on its face only a joint one, and while at common law suit must be brought against all the makers when they are under a joint liability

only, the statute (P. L., *c.* 302, *s.* 21) operates to modify the common-law rule when one of the obligors has died. The liability is made several as well as joint "unless it appears that it was the intention of the parties that the survivor only should be liable."

On an appeal from a commissioner's decision, the superior court's jurisdiction is limited to consideration of the claim presented to the commissioner and upon which his decision was made. The claim must be the same. P. L., *c.* 304, *ss.* 2, 9, 10, 13; *Rich* v. *Eldredge,* 42 N. H. 246, 253; *Souhegan &c. Bank* v. *Wallace,* 60 N. H. 354; *Elwell* v. *Roper,* 72 N. H. 254. In all probate appeals the superior court is the probate court of appeal. No other jurisdiction of the superior court may be attached to the appeal.

While, therefore, the true relations of the makers of the note in question may be shown (P. L., *c.* 302, *s.* 21; *Whitehouse* v. *Hanson,* 42 N. H. 9, 17, 18; *Maynard* v. *Fellows,* 43 N. H. 255, 258; *Burque* v. *Brodeur, ante* 310), so far as it is material to the issue tried before the commissioner, the superior court, in its capacity as the superior court of probate, has no power to change the form of the proceeding or to join new parties of record. Any other legal questions than the merits of the creditor's claim against the decedent's estate must be the subject of separate proceedings. The question of consolidating the trials of different suits is not here presented.

*Exceptions overruled.*

ALLEN, J., did not sit: the others concurred.