Strafford,
April 1, 1941. } No. 3227.

SADIE LEMIRE v. JOHN HALEY, *Adm'r.*

*Hughes & Burns* (*Mr. Walter A. Calderwood, Jr.*, orally), for the plaintiff.

*Cooper, Hall & Grimes (Mr. Grimes orally), for the defendant.*

ALLEN, C. J.   Under the procedure of the trial the jury answered two questions in favor of the plaintiff without returning a general verdict for a stated amount.   The main controversy is whether the alleged contract found to have been made by the decedent with performance by the plaintiff is enforceable.   This depends upon its nature and the resulting effect of the statute of frauds upon it.   Incidentally presented is the inquiry whether the trial was free from error, apart from the main contention.   For the sake of convenient statement these two broad issues are treated separately, and, in the consideration of the question whether the law required the alleged contract to be in writing, upon the assumption that there was no error in the proof of it as an oral undertaking.

Although the decedent did not promise in express terms to die leaving a will by which the plaintiff was to have all of his estate, the only fair construction of his agreement is that he would perform in that manner.   He used language of a layman to indicate such a method of performance, and the circumstantial evidence bears out the construction.   Clearly he reserved to himself full control and ownership of his property while he lived, and his agreement created no trust of it.   The agreement was a promise that payment for his receipt of services would be his estate remaining at his decease, and the subsidiary agreement to make a will so providing is necessarily implied.

The theory advanced by the plaintiff that the decedent owed her a debt as though his promise was that at his death she would be paid a sum equal to the value of his net estate, has nothing to commend it.   His promise was that she should have his property, and not a cash payment of what it might be worth.   As the court charged, "her damages by reason of the breach" of the contract, if there was a contract, were the value of the net estate, and in effect the law of the trial was that if there was a valid contract, it was broken by the decedent.   His agreement related to "the final disposition" of his property.   Concededly, an unrevoked will leaving all of his estate to the plaintiff would have been performance of his promise, and the promise referred to his property in whatever form it might be at his decease.   If some part of it should be real estate, as it was, then the promise related to it.

Equally untenable is the proposition that the property at some time became impressed with a trust in the plaintiff's favor.   Pay-

ment for property in the seller's ownership and possession is not of itself sufficient to make the seller a trustee for the purchaser's benefit. There must be an enforceable obligation to transfer, and payment for property bought under an unenforceable oral contract gives only the right to recover the payment. Equity, no more than common law, may disregard the statute of frauds. This is elementary. The case of *Knox* v. *Perkins*, 86 N. H. 66, cited by the plaintiff as authority for the creation of a trust by performance of the consideration for the promise, furnishes no support for her claim. There the facts were that A, mostly by delivery and partly by will, transferred property to B upon B's oral agreement not to revoke a will he had made by which the property, with his other property not disposed of while he lived, was to go to C. The promise not to revoke the will was a promise that B's property would be held for its beneficiaries. A trust for them was thereby created, with the will becoming documentary evidence of the terms of the trust. A contract not to revoke a will already in existence is not required to be executed with the formalities required for executing a will; and the statute of frauds does not require the terms for the consideration of an executed transfer to be in writing. The case is thus within the application of well established principles by which resulting trusts arise, with no defiance of statutory enactments providing for the need of written evidence of undertakings under specified conditions. No bill in equity could be maintained in the case here to enforce performance of the promise. *Day* v. *Washburn*, 76 N. H. 203.

Since "No action shall be maintained upon a contract for the sale of land" unless there is a written statement of the contract signed by the party to be charged (P. L., *c.* 327, *s.* 1), the decedent's promise to leave his property to the plaintiff was invalid in respect to the real estate he owned at his death. *Boyle* v. *Dudley*, 87 N. H. 282, 285.

The promise affecting his personal property is governed by another rule. It is claimed to have become a binding obligation through performance by the plaintiff of what she was to do to entitle her to that part of the estate, such performance being by the statute of frauds a substitute for the need of written evidence of the promise according to the claim. The defendant to meet the claim asserts that the decedent's agreement was an entire one, and, being one for the sale of land, it carried with it all of its provisions. If the contract is indivisible, the statute of frauds makes it unenforceable.

An entire contract is one which may not be divided into independent parts. "The inquiry is whether the parties reached an

agreement regarding the various items as a whole or whether the agreement was reached by regarding each term as a unit." *Bianchi Bros.* v. *Gendron*, 292 Mass. 438. If the parties gave a single assent to the whole transaction, the contract is indivisible, while it is divisible if they assented separately to several things, Williston, Cont's., (1st *ed.*,) *s.* 863. By great prevalence of authority an invalid or unenforceable part of an entire contract bars any recovery on the other part of the contract. Williston, Cont's., (1st *ed.*,) *s.* 532. To enforce only the valid part is to frame a contract not entered into by the parties. The local law accords with the general rule. In *Bixby* v. *Moor*, 51 N. H. 402, no recovery was allowed for any part of services rendered under a contract of hire partly for legal and partly for illegal employment. "If the promises are separate, and the consideration is divisible, the legal part of the contract is upheld; but if the consideration is entire, the whole must fail." *Foote* v. *Nickerson*, 70 N. H. 496, 518. In *Pearson* v. *Baldwin*, 81 N. H. 247 a contract for the purchase of real estate was held unenforceable as to a part owner's interest when conveyance of the interest of the other owners was provided for by the contract but could not be demanded. Other cases are to the same effect. *Weeks* v. *Hill*, 38 N. H. 199, 203; *Hale* v. *Brown*, 59 N. H. 551, 559, 560; *Williams* v. *Hastings*, 59 N. H. 373; *Piper* v. *Railroad*, 75 N. H. 435, 437.

So far as any contrary rule is stated in *Clements* v. *Marston*, 52 N. H. 31, 39, it is *dictum* and unacceptable as authority. In that case the action was to recover for services performed under an oral contract to convey real and personal property in return. The defendant's refusal to convey was alleged to justify the plaintiff's termination of his service. The issue was whether the defendant had refused to convey the property upon request, and it was held that upon a refusal the plaintiff could recover even if the contract had related only to real estate. This follows the normal principle of restoring, or paying for, benefits received under doctrines of equity. But the sweeping statement that a void or illegal part of a contract may be rejected and leave the rest of it valid, with no consideration of the basis for determining whether a contract is divisible or not, does not correctly announce the law. An oral contract to buy a farm, including cut wood and timber on it worth less than $500 is not a valid contract to buy the wood and timber without the farm, unless the parties have so stipulated.

The contract here was entire. No terms were stated or implied or contemplated that the decedent's estate was to be treated as

consisting of separate parts. An entity of service was to earn an entity of property. No more of a division between realty and personalty was thought of or in the minds of the parties than was a division of personality between tangibles and intangibles or in other differences. "Everything I have" is a phrase denoting a totality with no reference to component parts. It is expressive only of a blended unit, and the integration is composite. The statute of frauds cannot be objectively invoked to break it into sections, because it is by its own nature inherently indivisible. The statute deals with situations to affect contracts, but it does not create them or determine their character. Whether a contract is entire or divisible is a question of construction which the statute does not aid in solving.

Since at the decedent's death real estate contributed to make up what he had, the contract was one for the sale of land. That personal estate was included in the contract is immaterial because both kinds of property formed an inseparable whole under reasonable construction of the terms of the contract. To assume that the parties had in mind that the statute of frauds applied differently to sales of realty and of personalty assumes that although apparently in complete ignorance of the statute, they contracted with reference to it. The situation is the same as in the case where an agreement is wholly void by reason of partial illegality. In such a case, "There is no separate promise, upon separate consideration, as to the legal and illegal parts. They are blended together without discrimination." *Foote* v. *Nickerson*, 70 N. H. 496, 518.

Authority to the effect that if an oral contract such as was made here is in any respect within the statute of frauds, it is wholly unenforceable, is believed to be substantially unanimous. Many cases are cited in an annotation in 71 A. L. R. 479. Whether the contract is for an *inter vivos* or testamentary transfer of property, the result is the same. In close parallel with the case here the following cases may be cited; *Gould* v. *Mansfield*, 103 Mass. 408; *Grant* v. *Grant*, 63 Conn. 530; *Pond* v. *Sheean*, 132 Ill. 312; *Dicken* v. *McKinley*, 163 Ill. 318; *Hamilton* v. *Thirston*, 93 Md. 213; *Ellis* v. *Cary*, 74 Wis. 176; *Swash* v. *Sharpstein*, 14 Wash. 426; *Hirschberg* v. *Horowitz*, (N. J.) 143 Atl. Rep. 351.

Divisibility may not be supported upon the reason of "fundamental justice and reasonableness" applied in *Stanley* v. *Kimball*, 80 N. H. 431. In the nature of things obligations arising from contractual relations cannot justly and reasonably be displaced by other obligations. Stated conversely, it is neither just nor reasonable to

alter contractual relationships. There is no law or judicial power by which considerations of equity may reform contracts which are free from legal attack on the grounds of fraud and mistake. What parties would have done with more information of facts or with better knowledge of the law, is no concern of the courts.

If the trial was fair, the jury's findings of an express contract and of its full performance by the plaintiff would be *res adjudicata.* Her right to recover the fair value of her services would necessarily follow, under the principles of quasi-contractual liability. *Ham* v. *Goodrich,* 37 N. H. 185; *Howe* v. *Day,* 58 N. H. 516; *Weeks* v. *Lund,* 69 N. H. 78, 82, 83; *Muir* v. *Bartlett,* 78 N. H. 313, 314. The plaintiff would be entitled "merely to be made whole." *Knox* v. *Allard,* 90 N. H. 157, 162.

Upon the issue of incidental error in the trial the defendant took a number of exceptions. As to one taken to the argument of plaintiff's counsel, she had offered evidence to show that the decedent executed a will at some time after his contract with her was made, but without any evidence of its contents or that the decedent died testate. The evidence was excluded. In argument her counsel said: "They say he [the decedent] was a man that kept his word, that he carried out his agreement. Apparently he thought he had. He went down to Brother Wright's office for some purpose." Objection to the argument was made on the ground that "attendance at Mr. Wright's office is not material because we know not for what he went." In discussion plaintiff's counsel agreed that there was no such knowledge, and the court remarked that "no inference about any will should be drawn from the evidence." Defendant's counsel then said: "Yes; may be cared for with your charge." The court then overruled the objection and noted an exception.

The record thus shows a remarkable concurrence of inconsistent rulings. After ruling that the evidence permitted no inference of a will, the argument to the effect that one was made pursuant to the contract was allowed to stand. While plaintiff's counsel in further argument repeated his agreement that it was not known why the decedent went to the lawyer's office, he yet left it with the jury to infer from other evidence that a will in the plaintiff's favor had been made. The net result is that there was no complete withdrawal of the argument objected to and no lucid instruction to the jury whether or not they were to consider it. The objection being overruled, the instruction in the charge relating to prejudicial argument was inapplicable. Thus the error was not fairly corrected, and the finding,

in the denial of the motion to set aside the verdict, that no harm was done, cannot stand. *Bruton* v. *Corporation*, 87 N. H. 304, 305. Evidence that the decedent left a will giving his estate to the plaintiff would strengthen the force of the evidence that a contract to do so was made. The subsequent argument that such evidence existed when it did not was beyond propriety. Furthermore, an inference was thereby permitted that a will had been found and destroyed or suppressed by the decedent's relatives. The finding that a contract was made must be set aside.

A retrial will be confined to the main issues of the plaintiff's right to recover for her services upon *quantum meruit* and the amount of recovery if liability is found. If the alleged contract is proved, the right thus to recover will be established.

In aid of the retrial consideration of other exceptions is not thought necessary.

*New trial, as limited.*

All concurred.