SADIE LEMIRE *v.* JOHN HALEY, *Adm'r.*

*Hughes & Burns (Mr. Walter A. Calderwood* orally), for the plaintiff.

*Cooper, Hall & Grimes (Mr. Grimes* orally), for the defendant.

PER CURIAM. The new declaration is defective in setting forth a claim based on *quantum meruit.* It avers an amount based on

the terms of the contract held unenforceable and resolves itself, when analyzed, into a declaration for breach of that contract. The issue is not whether that contract was a fair one, but regardless of its provisions for compensation, is how much the plaintiff should fairly be awarded for her services and expenses rendered and incurred in action in reliance upon the contract if it was made. A declaration upon the common counts is sufficient if supplemented with specifications which will duly inform the defendant in advance of the trial what is claimed.

So far as the defendant's admission relates to liability, it dispenses with the need of offer of proof of the contract.

As to the remaining questions, it is considered inexpedient and contrary to good practice to answer them. The course of the retrial is too uncertain in anticipation and its outcome may render the questions moot. The case is one in which any issues of fairness of trial may be better decided by the normal process of review than by preliminary rulings. *Fellows* v. *Fellows*, 68 N. H. 611; *Morse* v. *Morse*, 71 N. H. 622; *White Mt. &c. Co.* v. *Murphy*, 78 N. H. 398, 403; *Fitzhugh* v. *Railway*, 80 N. H. 185, 190; *Watkins* v. *Railroad*, 80 N. H. 468, 469; *Goudie* v. *Company*, 81 N. H. 88, 93; *Stocker* v. *Railroad*, 83 N. H. 401, 407.

*Case discharged.*