Hillsborough,
No. 5675.

ISAAC KENTON BLANCHARD & *a.*

*v.*

WALTER A. CALDERWOOD, *Adm'r, d.b.n.*

December 30, 1969.

*Cheever & Sullivan,* and *McLane, Carleton, Graf, Greene & Brown* and *Charles A. DeGrandpre* ( *Mr. DeGrandpre* orally ), for the plaintiffs.

*Calderwood, Silverman & Ouellette* ( *Mr. Raymond R. Ouellette* orally ), for the defendant.

DUNCAN, J. The plaintiffs seek by these actions to recover from the estate of Ernest F. Blanchard, late of Wilton, for services alleged to have been rendered to the decedent during the last seven and one-half years of his life, in expectation of compensation therefor. The writ of the plaintiff Isaac contains two counts, one alleging a contract by which the decedent Ernest agreed that the plaintiff would receive all of Ernest's property upon his death, the second alleging a promise by Ernest to pay for services rendered "by leaving all of his property to the plaintiff."

The plaintiff Winifrid, who is the wife of Isaac, by her writ alleges a promise by Ernest to pay her for services, and breach thereof.

Ernest died intestate on October 8, 1963 leaving both real and personal property. The plaintiffs allege that from April 1, 1956 to the time of Ernest's death they furnished him with personal and financial aid and assistance. In the fall of 1959

Ernest left his home to live in the Curtis home in Wilton, and the plaintiffs claim that they continued to attend to his affairs for him under a power of attorney given to Isaac in 1961.

At pretrial held on October 10, 1966, the defendant denied that services performed by the plaintiffs were at the decedent's request, or pursuant to contract, or in anticipation or expectation of payment; and denied that any services were performed by Winifrid. The defendant also then raised the defense of the statute of frauds; and the plaintiffs claimed that under the rules of court the defense was raised too late.

The cases came on for trial by jury before *Loughlin*, J. The defendant's motion to strike the first count of the plaintiff Isaac's writ because the alleged contract was unenforceable under the statute of frauds was granted subject to the plaintiffs' exception. Also subject to their exception, and in advance of the receipt of evidence, the Trial Court ruled that evidence relative to the plaintiffs' services would be limited to the six years prior to the death of the decedent.

In the course of direct examination of their first witness, the plaintiffs sought a ruling in conference at the bench to permit the introduction of testimony that the decedent had promised the plaintiff Isaac that he would leave him his entire estate. In the course of discussion the defendant's counsel stated that he would agree that any services by the plaintiffs were rendered under an agreement that they would be compensated for. The Court ruled the evidence of the decedent's declaration inadmissible, and the jury was told of the agreement of counsel that the services were to be compensated for. Examination of the same witness continued and the witness referred to a declaration made by the decedent in 1961 in connection with the execution of the power of attorney, to the effect that "everything belongs to Ken [the plaintiff Isaac], anyway." Upon the defendant's motion, a mistrial was declared, subject to the plaintiffs' exception.

All questions of law presented by the pleadings and the exceptions of the parties were then transferred to this court by reserved case stating: "Clarification of the validity and application . . . of *Lemire* v. *Haley*, 91 N. H. 357, 19 A. 2d 436; 92 N. H. 10, 23 A. 2d 769; 92 N. H. 358, 31 A. 2d 62; 93 N. H. 206, 39 A. 2d 10, to these actions is necessary prior to a new trial."

Following mistrial, the plaintiff Isaac brought a second action against the administrator by writ containing counts in detinue,

debt, and trover, seeking to establish his right to a joint checking account in the Wilton National Bank in the sum of $11,951.10 which stood in the names of the decedent and the plaintiff. Each count alleged that the plaintiff was entitled to the account by virtue of RSA 384:28-32. The defendant's motion to dismiss the action upon the ground that the plaintiff had failed to comply with RSA 556:3 and 5 was denied subject to the defendant's exception. By amendment to the reserved case, this and other exceptions relating to the new action were reserved and transferred by the Presiding Justice ( *Loughlin*, J. ).

The statute of frauds requires that in order to be enforceable a "contract for the sale of land," or some memorandum thereof, shall be in writing. RSA 506:1. In *Lemire* v. *Haley*, 91 N. H. 357, 19 A. 2d 436, it was held that an oral promise that "everything I have shall be yours when I'm gone" was wholly unenforceable under the statute, where the promisor's estate at his decease consisted of both real and personal property.

The plaintiffs herein urge reconsideration and modification of this holding, suggesting that the statute should not be held to apply to oral agreements "not clearly barred" by it, and that adequate protection against fraud may be afforded by application of the rule that the oral agreement must be proven by clear and convincing evidence. *Sullivan* v. *Dumaine*, 106 N. H. 102, 205 A. 2d 348. As a preliminary matter, they argue that the statute is not here available as a defense because it was not seasonably pleaded as required by RSA 515:3, and Rule 22 of the Superior Court. RSA ch. 491: App. R. 22.

The plaintiffs' writs concededly did not specify whether the contract declared upon was written or oral. It has been held that circumstances may warrant permission to plead the statute as late as the close of the evidence; and that under the general issue: "All defenses were available . . . and by that plea the court had notice of them." *McCrillis* v. *Company*, 85 N. H. 165, 169, 155 A. 410. The contention now advanced was broached at pretrial, but so far as appears was not renewed at the trial. In support of their objection and exception to the order striking the first count of the plaintiff Isaac's writ, the plaintiffs suggested to the Trial Court that but for the order their proof would have disclosed that the decedent's execution of a petition for a conservator, and of a power of attorney constituted sufficient written memoranda of the agreement declared upon.

While the weight of authority appears to support the proposition that the defense of the statute must be seasonably pleaded ( Annot. 158 A.L.R. 89 ), the Trial Court was not without discretion to permit it to be raised at the trial, particularly in view of the notice given at pretrial that the defendant would rely upon it.

In support of their argument that the statute should not apply to promises to leave an entire estate, the plaintiffs place substantial reliance upon Schnebly, Contracts to Make Wills, 24 Mich. L. Rev. 749, and a comment by Professor Corbin: "On the question of divisibility [of the contract] and enforcement in part, there seems to be practically never an adequate presentation of the point by counsel or a careful consideration of it by the court." 2 Corbin, Contracts *s*. 314, *p*. 130. The plaintiffs' argument gives scant recognition to the decided cases which have granted specific performance of an oral contract, where enforcement of the statute would work a fraud upon the plaintiff. *White* v. *Poole*, 74 N. H. 71, 65 A. 255; *Emery* v. *Dana*, 76 N. H. 483, 84 A. 976. *Cf. Muir* v. *Bartlett*, 78 N. H. 313, 99 A. 553. Compare also *Shives* v. *Borgman*, 194 Md. 29, 69 A. 2d 802, the rule of which the plaintiffs recommend for adoption by this court.

The authorities generally appear to be at odds with the views advanced by the plaintiffs. Sparks, Contracts to Make Wills, 42 ( 1956 ). We consider that the comment in Corbin, *supra*, cannot reasonably be thought to apply to the decision in *Lemire* v. *Haley*, 91 N. H. 357, *supra*, which bears the hallmark of plenary consideration by court and counsel. We find no compelling reason to recede from the views therein expressed, and are of the opinion that they apply to the contract relied upon by the plaintiffs herein. Thus absent proof of some memorandum in writing sufficient to satisfy the statute of frauds, the order of nonsuit upon the first count of the plaintiff Isaac's writ will stand.

The argument that the alleged contract may be considered divisible, and that the statute should be held not to bar enforcement of "that part of the agreement" which relates to the decedent's personal estate, cannot be accepted consistently with *Lemire* v. *Haley*, 91 N. H. 357, *supra*. The agreement alleged by the plaintiff Isaac was neither divided nor divisible. No separate undertaking by him in consideration of a bequest of personal estate, as distinguished from a devise of realty, is alleged. The agreement relied upon related to "all of the property"

of the decedent "upon his death." It was "expressive only of a blended unit, and the integration [was] composite." *Lemire* v. *Haley*, 91 N. H. 357, 361, *supra*. It follows that in the absence of the writing required by the statute, the plaintiffs are restricted to their rights to recover in *quantum meruit* for the fair value of the services rendered, "disassociated from the alleged contract to make a will." *Boyle* v. *Dudley*, 87 N. H. 282, 289, 179 A. 11.

Relying upon the opinion in *Lemire* v. *Haley*, 92 N. H. 358. 31 A. 2d 62, the Trial Court ruled subject to plaintiff's exception that neither evidence of the oral contract nor of the value of the decedent's estate was admissible under the count in *quantum meruit*. This was a proper application of the principles laid down in the last cited *Lemire* opinion; but we are asked to overrule it, upon the ground that it will unjustly deprive the claimants of the benefit of the value placed upon their services by the oral agreement of the parties. We agree that evidence of the oral contract may be received when it is contended that services were rendered gratuitously, not for the purpose of "fixing" their value, but to establish that they were intended to be for compensation; and, in a proper case, as evidence to be considered in determining their value. It was so stated in *Lemire* v. *Haley*, 92 N. H. 358, 360, *supra*, and in prior cases cited therein. See also, *Lemire* v. *Haley*, 91 N. H. 357, 363. But the holding of the case was that the contract should not be admitted in evidence, since as in the case before us, the defendant there conceded that the services were not gratuitous. *Lemire* v. *Haley*, 92 N. H. 10, 11, 23 A. 2d 769. There as here, the alleged promise of the decedent was thought to imply no admission of the value of the services, since the extent to which they would be required was problematical when the agreement was made, and there was no indication that recompense in the strict sense of the term was in the minds of the parties. The right of the plaintiff Isaac in *quantum meruit* "is only to obtain what equitably belongs to him . . . he may not recover by way of damages for the loss of his bargain." *McCrillis* v. *Company*, 85 N. H. 165, 167, *supra*; 3 Williston, Contracts (Jaegar 3d *ed.*) *s*. 536.

On the state of the record, we hold that the Trial Court erred in restricting the plaintiffs' evidence to services performed within six years prior to the death of the decedent. The exception to this ruling is sustained. Our decisions establish that the affirmative defense of the statute of limitation is one which must be pleaded.

*Yeaton* v. *Skillings*, 100 N. H. 316, 320, 125 A. 2d 923. Since the defendant did not plead the statute, it will be for the Trial Court to decide whether he may now raise this defense if he should seek to do so. Superior Court Rule 22 ( RSA 491: App. R. 22 ). Upon this issue however, the alleged oral agreement, or so much thereof as would indicate that payment was to be made on the decease of the promisor, may be relevant and competent evidence for the limited purpose of showing when the causes of action accrued. If payment was to be made on death, the plaintiffs' causes of action did not accrue until then. *Ham* v. *Goodrich*, 37 N. H. 185, 188-189. See *Elwell* v. *Roper*, 72 N. H. 254, 56 A. 342; 49 Am. Jur., Statute of Frauds, *s.* 575.

The defendant's exception to denial of his motion to dismiss the action brought to recover the proceeds of the joint bank account is overruled. The plaintiff Isaac seeks to recover as owner of the account by virtue of RSA 384:28, which provides that upon the death of a joint depositor such an account shall become the property of the survivor. The action is against the administrator rather than the estate, and does not seek to enforce a demand against the deceased or his estate which is required to be presented under RSA 556:3. *Rice* v. *Connelly*, 71 N. H. 382, 52 A. 446; *Frost* v. *Frost*, 100 N. H. 326, 329, 125 A. 2d 656. The extent to which the plaintiff's claim to the account may be defeasible by reason of conduct described in the depositions transferred without ruling is a matter which cannot advantageously be determined in advance of trial. *Lemire* v. *Haley*, 92 N. H. 10, 11, 23 A. 2d 769.

*Remanded.*

GRIFFITH, J., did not sit; the others concurred.