Hillsborough
No. 6593

EDMOND BELAND & a. v. BERNARD ESTEY & a.

January 31, 1976

*Raymond C. Patryn* and *Louis P. Faustini,* by brief, for plaintiffs, Edmond and Amelia Beland.

*Sweeney, Sweeney & Sullivan (Mr. Kevin Sullivan* orally) for defendants, Bernard and Marie Rose Estey.

LAMPRON, J.    Bill in equity by Edmond and Amelia Beland to set aside as fraudulent under RSA ch. 545 a conveyance by Bernard Estey to his wife, Marie Rose Estey, of their property in Hudson held as joint tenants. After a hearing, the Trial Court *(Cann,* J.) made certain findings and ruled that the conveyance did not violate the provisions of RSA 545:4 or RSA 545:7 and dismissed plaintiffs' bill. Plaintiffs' exceptions were reserved and transferred.

The plaintiffs maintain on appeal that the trial court erred as a matter of law in failing to find and rule that this conveyance did constitute a fraudulent conveyance within the provisions of RSA ch. 545. In a supplemental brief, defendants' counsel brought to the attention of this court that defendant Bernard Estey had died previous to the date of the arguments on appeal and filed a copy of a certificate attesting to the death of Bernard on August 10, 1974. Counsel then argued that this rendered the present appeal moot.

Plaintiffs' became creditors of Bernard Estey within the terms of RSA 545:9 on January 4, 1969, when their property on which Bernard was working was damaged by fire allegedly caused by his negligence. The conveyance in question was made on June 6, 1969,

when Bernard conveyed to his wife his interest in their property held in joint tenancy.

If this court should uphold plaintiffs' contention that this conveyance was fraudulent as a matter of law under RSA ch. 545, plaintiffs would be entitled to have it set aside to enable them to levy on Bernard's interest in the property as it stood before the conveyance. *Janson v. Schier*, 112 N.H. 329, 331, 296 A.2d 12, 14 (1972); *Ricker v. Mathews*, 94 N.H. 313, 318, 53 A.2d 196, 199-200 (1947). During the joint lives of the defendants Bernard's share was subject to attachment by the plaintiffs. 4A R. Powell, Real Property § 618 (1974). The interest attached is similar to a life estate with a contingent remainder in fee depending upon which joint tenant survived. *United States v. Mosolowitz*, 269 F. Supp. 12, 15 (D. Conn. 1967); *Zeigler v. Bonnell*, 52 Cal. App. 2d 217, 220, 126 P.2d 118, 119 (1942). However, to obtain this interest plaintiffs would have had to obtain a judgment, levy thereon and sell Bernard's interest during his lifetime. 4A R. Powell, Real Property § 618 (1974). There is no record that this happened in this case.

As there was no evidence that Marie was subject to any claim by the plaintiffs, she became at Bernard's death the sole owner in fee of the property free and clear of any interest of the plaintiffs therein. *Zeigler v. Bonnell*, 52 Cal. App. 2d 217, 126 P.2d 118 (1942); *Hughes v. Fairfield Lumber & Supply Co.*, 143 Conn. 427, 430, 123 A.2d 195, 197 (1956); *East. Shore v. Bank of Somerset*, 253 Md. 525, 530-31, 253 A.2d 367, 371 (1969); *Mulvanity v. Nute*, 95 N.H. 526, 528, 68 A.2d 536, 537 (1949); 4A R. Powell, Real Property § 618, at 677 (1974).

*Appeal dismissed.*

All concurred.