Hillsborough-northern judicial district
No. 97-416

## GEORGE TSIATSIOS & a.

v.

## JANICE TSIATSIOS

December 13, 1999

*Douglas, Robinson, Leonard & Garvey, P.C*, of Concord (*Charles G. Douglas, III* on the brief and orally), for the plaintiffs.

*McLaughlin, Hemeon & Lahey, P.A.*, of Laconia (*Matthew J. Lahey* on the brief and orally), for the defendant.

THAYER, J. The defendant, Janice Tsiatsios, appeals from four separate orders of the Superior Court (*Groff*, J.) resulting in a finding of a fraudulent transfer of real estate. We affirm.

The underlying facts are fully set forth in *Tsiatsios v. Tsiatsios*, 140 N.H. 173, 663 A.2d 1335 (1995). In 1961 and later years, Paul Tsiatsios promised his children, George, Charles, Paula (the plaintiffs), and John that if they worked without compensation on his farm and at his motel, he would bequeath those properties to them upon his death. The children promised to do the work, and they fulfilled this promise during the ensuing years. Paul Tsiatsios never provided his children with monetary compensation for their work on the farm or at the motel.

In 1982, the defendant began working as a nurse to Tina Tsiatsios, Paul's wife, who was terminally ill. Upon Tina's death, the defendant worked as Paul's housekeeper. Paul and the defendant became

romantically involved. The defendant divorced her husband, and Paul executed a will bequeathing her a car and $5000, with the remainder of his estate to go to his children. The defendant married Paul in 1989. In February 1990, Paul executed a new will which named the defendant as executrix of his estate and directed her to sell the farm and divide the proceeds of the sale among his children. The children were not advised of the existence or the terms of this will. In March 1990, Paul conveyed the motel to himself and the defendant as joint tenants with rights of survivorship. Paul Tsiatsios died on December 10, 1990. Title to the motel vested in the defendant as survivor.

In 1991, Paul's children brought an action against Janice Tsiatsios as executrix of Paul Tsiatsios' estate (the contract action). The children sought damages for breach of contract, quantum meruit, and specific performance of their father's promise to bequeath the farm and the motel. On March 15, 1994, a jury found "by clear and convincing evidence that there was an oral promise by Paul Tsiatsios to leave the family farm in Hooksett and the Beachcomber Motel in Hampton to his children in his will in return for their uncompensated work" and that "more likely than not, the children of Paul Tsiatsios performed their part of the bargain to provide uncompensated work." Verdicts were returned on behalf of three of the children for $106,000, $95,000, and $49,000. The court ordered the defendant to convey the farm to the children, and she did so. The verdict and decree were affirmed by this court in *Tsiatsios*, 140 N.H. at 174, 663 A.2d at 1336.

On March 8, 1994, the plaintiffs brought this petition to set aside the transfer of the motel as fraudulent under RSA chapter 545-A. The fraudulent transfer action was brought against Janice Tsiatsios as a defendant in her individual capacity. On March 10, 1994, just after the trial for the contract action had begun, the plaintiffs filed two motions. The plaintiffs moved to add Janice Tsiatsios individually in the contract action and also to join the fraudulent transfer action with the contract action. These motions were denied as untimely.

In the fraudulent transfer action, the Superior Court (*Groff*, J.) granted the plaintiffs' motion to collaterally estop the defendant from relitigating the existence of an enforceable oral promise by Paul Tsiatsios to convey the motel property to the plaintiffs. The court also denied the defendant's motions to dismiss for failure to name a necessary party and for lack of subject matter jurisdiction, naming the wrong defendant and/or impossibility of relief. Finally,

the court granted the plaintiffs' petition to set aside the transfer of the motel as fraudulent under RSA chapter 545-A.

On appeal, the defendant argues that the trial court erred in: (1) giving the preclusive effect of collateral estoppel to the jury's finding in the contract case that Paul Tsiatsios made an enforceable oral promise to bequeath the motel to his children; (2) denying her two motions to dismiss; and (3) setting aside the fraudulent transfer of the motel.

## I. Collateral Estoppel

"[T]he doctrine of collateral estoppel bars a party to a prior action, or a person in privity with such a party, from relitigating any issue or fact actually litigated and determined in the prior action." *Daigle v. City of Portsmouth*, 129 N.H. 561, 570, 534 A.2d 689, 693 (1987). In order for the doctrine of collateral estoppel to apply in a particular proceeding, the following conditions must be satisfied:

> the issue subject to estoppel must be identical in each action, the first action must have resolved the issue finally on the merits, and the party to be estopped must have appeared in the first action, or have been in privity with someone who did so. Further, the party to be estopped must have had a full and fair opportunity to litigate the issue, and the finding must have been essential to the first judgment.

*Bruzga's Case*, 142 N.H. 743, 745, 712 A.2d 1078, 1079 (1998) (quotation omitted). We hold that the trial court did not err in applying collateral estoppel to this case.

Janice Tsiatsios argues that she was neither a party nor in privity with a party in the prior breach of contract action. "[A] finding of privity between a party and a non-party is tantamount to 'virtual representation' and 'substantial identity.'" *Day v. N.H. Retirement System*, 138 N.H. 120, 122-23, 635 A.2d 493, 495 (1993). This implies "not a formal but a functional relationship in which, at a minimum, the interests of the non-party were in fact represented and protected in the prior litigation." *Id.* at 123, 635 A.2d at 495 (quotation omitted). "[A] finding of privity is simply a conclusion that something in the relationship of party and non-party justifies holding the latter to the result reached in litigation in which only the former is named." *Daigle*, 129 N.H. at 572, 534 A.2d at 694. Privity may exist between a beneficiary and an executor:

> A person who is not a party to an action but who is represented by a party is bound by and entitled to the

> benefits of a judgment as though he were a party. A person is represented by a party who is . . .
>
> . . . .
>
> (c) The executor, administrator, guardian, conservator, or similar fiduciary manager of an interest of which the person is a beneficiary.

RESTATEMENT (SECOND) OF JUDGMENTS § 41 (1982). Thus, the representative of an estate, in bringing an action, is the sole trustee for all the beneficiaries of the estate and her actions bind them. *McGrath v. McGrath*, 109 N.H. 312, 314, 251 A.2d 336, 339 (1969).

■ The defendant was a party in the prior contract action as the executrix of the estate of Paul Tsiatsios. She was also a residuary beneficiary under the will of Paul Tsiatsios. The defendant argues that privity nevertheless does not exist because the defendant's personal interests were not represented in the prior action. We disagree. As beneficiary, the defendant had a vested interest in the outcome of the contract action because it directly affected her beneficial interest in the estate. Although the estate did not own the motel at the time of the contract action, it nevertheless litigated issues involving the motel. "An executor . . . has authority to represent the estate in any matter touching it." RESTATEMENT (SECOND) OF JUDGMENTS § 42 comment c, at 408. The issue as to the motel was a matter touching the estate, and the estate represented the interests of its beneficiaries, including the defendant, with regard to that matter. We therefore hold that the defendant was in privity with herself as executrix of the estate of Paul Tsiatsios.

■ The defendant next argues that the issue to be collaterally estopped in the present case is not identical to the issue that was resolved in the prior contract action. The only evidence offered by the defendant in support of this argument is that the prior action was a common law contractual claim and the present case is a statutory fraudulent transfer action. That the cause of action is different in the two cases does not mean that the issues are not identical. *See* RESTATEMENT (SECOND) OF JUDGMENTS § 27 (stating where the elements of collateral estoppel are met, issue "is conclusive in a subsequent action between the parties, whether on the same or a different claim").

Finally, the defendant argues that the existence of an enforceable oral promise by Paul Tsiatsios to convey the motel to the plaintiffs was not an essential finding for the judgment in the contract case.

We disagree. Paul Tsiatsios promised to bequeath both the farm and the motel properties. In exchange, the children promised to work without compensation on both the farm and the motel properties. A contract which consists of several promises on either or both sides is indivisible if the parties expressed mutual assent to all the promises as a single unit. *Lemire v. Haley*, 91 N.H. 357, 359-60, 19 A.2d 436, 439 (1941).

In June 1961, Paul Tsiatsios and the plaintiffs mutually assented to all the promises involving the farm and the motel as an integrated transaction. *Tsiatsios*, 140 N.H. at 174, 663 A.2d at 1337. Their contract is indivisible, and the promise to convey the farm cannot be severed from the promise to convey the motel. *See Lemire*, 91 N.H. at 360, 19 A.2d at 439. It was necessary for the jury to make factual findings about the motel in order to decide whether there was an enforceable contract because the promises were made in an integrated fashion. Therefore, the jury's findings with regard to the motel were essential to the judgment in the contract action.

■ The defendant also argues that the jury findings regarding the motel were not essential to the contract action because the judgment actually entered concerned the conveyance of the farm property only. The farm property would not have been conveyed, however, if the children had not fulfilled their promise to work on both the farm and the motel. *See id.*; 6 S. WILLISTON, CONTRACTS § 859 (3d ed. rev. 1962). Therefore, we find that the jury's findings regarding the motel property were essential to the judgment in the contract case as required under the doctrine of collateral estoppel.

## II. Motions to Dismiss

The superior court denied two motions to dismiss as untimely under Superior Court Rule 30. Superior Court Rule 30 states that "[p]leas in abatement shall be filed . . . within thirty days after the entry of the writ." The trial court has broad discretion in applying and enforcing its rules. *See, e.g., Keshishian v. CMC Radiologists*, 142 N.H. 168, 181, 698 A.2d 1228, 1236 (1997); *Exeter Hospital v. Hall*, 137 N.H. 397, 399-400, 629 A.2d 88, 89 (1993).

■ First, we address the motion to dismiss for failure to name a necessary party. Because such a motion should be filed as a plea in abatement, Superior Court Rule 30 applies. *See Shortlidge v. Gutoski*, 125 N.H. 510, 516, 484 A.2d 1083, 1088 (1984). The defendant's motion to dismiss for failure to name a necessary party was filed on February 3, 1997, almost three years after the petition

was filed, in violation of Superior Court Rule 30. We therefore affirm the trial court's denial of the motion.

■ ■   Second, we consider the motion to dismiss for "lack of subject matter jurisdiction, naming the wrong defendant and/or impossibility of relief." The defendant argues that Superior Court Rule 30 should not apply because such a motion may be pled in abatement or defended under the general issue. We agree that the absence of subject matter jurisdiction may be raised by a motion to dismiss at any time. *See Gettler-Ryan, Inc. v. Kashulines*, 130 N.H. 15, 18, 534 A.2d 376, 377 (1987). We sustain the trial court's denial of the motion to dismiss, however, because valid alternative grounds exist to support it. *See Quinlan v. City of Dover*, 136 N.H. 226, 230, 614 A.2d 1057, 1059 (1992). The plain language of New Hampshire's . Uniform Fraudulent Transfer Act does not require that a judgment be entered against the transferor before action may be taken against the transferee. *See* RSA 545-A:7. Therefore, the fact that the estate was not named as a party in this action does not mean that the superior court lacked subject matter jurisdiction or that relief was impossible against the defendant.

## III. Setting Aside the Fraudulent Transfer

Assuming, without deciding, that we must address the issue as to whether the estate was a necessary party to the fraudulent transfer action, we consider the defendant's final argument. The defendant argues that the trial court erred in setting aside the transfer of the motel property because the estate of Paul Tsiatsios was a necessary party to the fraudulent transfer action but was not named as a defendant. We reject this argument and hold that the trial court did not err in setting aside the fraudulent transfer.

Under the Uniform Fraudulent Transfer Act, persons seeking to set aside a property transfer must prove that they are creditors of the transferor and that property was fraudulently transferred. *See* RSA ch. 545-A. Judgment in a fraudulent transfer case may be entered against the first transferee of the asset unless the transferee took in good faith and for a reasonably equivalent value. RSA 545-A:8. In this case, the defendant was the first transferee of the motel property, and she did not give reasonably equivalent value in exchange for the transfer. As a result, it was proper for judgment to be brought against her. *See id.*

The transferor is a necessary party to a fraudulent transfer action only where the transferor retains some interest in the controversy. *See Chase v. Searles*, 45 N.H. 511, 523 (1864). A party is not

necessary to an action where its rights in the property would not be affected by a judgment in the case. *See Woodstock Soapstone Co. v. Carleton*, 133 N.H. 809, 817, 585 A.2d 312, 317 (1991). While there is a conflict of authority in this area, we agree with the majority of jurisdictions that have held that a transferor who has parted with all interest in the property can no longer be affected by any decree pertaining to the property, and that therefore the transferor is not a necessary party to a fraudulent transfer action. 37 AM. JUR. 2D *Fraudulent Conveyances* § 203 (1968); *see, e.g., Sheepscot Land Corp. v. Gregory*, 383 A.2d 16 (Me. 1978); *Frell v. Frell*, 154 So. 2d 706 (Fla. Dist. Ct. App. 1963).

In the present case, the estate of Paul Tsiatsios did not retain any interest in the motel property. Upon Paul's death, all interest in the motel was vested in the defendant, individually. Because Paul Tsiatsios had not received any consideration from the defendant for the transfer, the estate would not lose any advantage from the setting aside of the conveyance. There was no reason to require that the estate be a party to this action because title to the property at issue was in the sole possession of the defendant. Because no relief could have been granted against the estate and the estate retained no interest in the property, we conclude that it was not a necessary party.

The defendant cites *Beland v. Estey*, 116 N.H. 8, 351 A.2d 62 (1976), to support her argument that the plaintiffs needed to obtain a judgment against the estate of Paul Tsiatsios before the court could set aside the transfer. *Beland*, however, was decided before the passage of the current Uniform Fraudulent Transfer Act, and it is readily distinguishable from the present case. In *Beland*, the plaintiffs did not establish themselves as creditors with a right to payment. In the present case, the children were clearly found to be creditors by the jury's special findings in the contract action. Further, there was no evidence in *Beland* that the wife was a part of the alleged fraudulent transfer or that she was even on notice of the potential claims against her husband. In the present case, prior to Paul's death, the defendant heard the plaintiffs state that their father had promised to give them the motel property. Also, Paul Tsiatsios had made it clear to the defendant that she should sell the motel before the children could "pull it into court." Finally, the *Beland* case does not state that the transferor is a necessary party in all fraudulent transfer cases. Accordingly, we conclude that the plaintiffs did not need to obtain judgment against the estate of Paul Tsiatsios before the court could set aside the transfer.

"Those issues raised in the defendant's notice of appeal but not addressed in [her] brief are waived." *State v. Monroe*, 142 N.H. 857, 873, 711 A.2d 878, 889 (1998).

*Affirmed.*

All concurred.