Harper v. Water Pik, et al.        CV-00-531-M    07/25/02
                    UNITED STATES DISTRICT COURT

                        DISTRICT OF NEW HAMPSHIRE


Gregory Harper, Administrator
of the Estate of James R.
Whitley, II,
        Plaintiff

        v.                                  Civil No. 00-531-M
                                            Opinion No. 2002 DNH 143
Water Pik Technologies, Inc.
and Laars, Inc.,
        Defendants


                            **O R D E R**


        Plaintiff and defendants have settled this case, subject to

court approval pursuant to N.H. REV. STAT. ANN. ("RSA") §§ 281-

A:13, III.  By order dated June 4, 2002, the court approved the

settlement amount ($6,825,000) and, at the parties' request,

confirmed that the settlement terms are binding on all parties,

including the workers' compensation insurance carrier, ACE USA

("ACE").  ACE provided medical, hospital, and other benefits for

plaintiff's decedent, James Whitley ("Whitley"), prior to his

death.  One issue remains:  Whether ACE is entitled to

reimbursement, for workers' compensation benefits paid on

Whitley's behalf, from the third-party recovery obtained by his

estate in this litigation.

In his Petition for Approval of Settlement Pursuant to R.S.A. 281-A:13 (document no. 107), the estate's administrator argues that under the circumstances of this case, the workers' compensation statute plainly requires distribution of the wrongful death settlement proceeds[1] to estate beneficiaries, free of any lien asserted by ACE. ACE objects, and, in the alternative, moves to certify the question of its entitlement to a lien on the estate's recovery to the New Hampshire Supreme Court (document no. 115). Plaintiff objects to certification, arguing that the applicable state statute unambiguously blocks ACE from recovering anything from the litigation proceeds and ought to be applied as written. For the reasons given below, the court agrees that neither the applicable statute nor the prior rulings of the New Hampshire Supreme Court appear to directly address the dispositive issue in this case, and the court further finds that enough internal inconsistency and ambiguity exists in the statute as written to warrant granting ACE's request for certification.

---

[1] As explained more fully below, this suit began as a personal injury claim, filed by Whitley against defendants. After Whitley died, his administrator assumed prosecution of the suit and added a claim for certain wrongful death damages. Because the case was settled after Whitley's death, the court regards the entire claim as one for wrongful death.

The pertinent facts are undisputed.  James Whitley was severely injured while working as an employee of Agentry Staffing Services, Inc., at a facility owned and operated by Water Pik Technologies, Inc. ("Water Pik") and/or Laars, Inc. ("Laars"). As a result of Whitley's workplace injuries, ACE paid out a total of $2,139,398 in workers' compensation benefits on his behalf, as it was required to do under New Hampshire's workers' compensation law.[2]  See RSA 281-A:23 (compensation for medical, hospital, and remedial care); RSA 281-A:26, IV (compensation for "burial expenses not to exceed $5,000"); RSA 281-A:28-32 (compensation for disability).  Following his injury, Whitley filed suit against Water Pik and Laars.  He died, as a direct result of his injuries, on January 10, 2002, while litigation was pending. Whitley had no dependants.  Therefore, the workers' compensation benefits ACE paid on account of Whitley's injuries did not include death benefits available under RSA 281-A:26, other than burial expenses.  That is, ACE has not paid – and will not be required in the future to pay – workers' compensation survivors' benefits.

---

[2] Specifically, ACE paid $2,116,616.96 for medical, hospital, and remedial care, $17,809.16 in indemnity payments, and $4,971.88 for burial costs.  (ACE's Obj. to Pl.'s Pet. for Approval of Settlement ¶ 3.)

3

By order dated January 30, 2002, the court denied a motion to dismiss by reason of abatement filed by defendants. According to defendants, Whitley's cause of action abated upon his death. In denying defendants' motion for reconsideration, the court explained that, pursuant to RSA 556:10, Whitley's "personal injury action did not abate upon his death," but survived because the administrator of his estate appeared and assumed prosecution of the case within the time allowed by that statute. Whitley's administrator filed an amended complaint that was substantively identical to the original complaint, but which also included a claim for additional damages related to Whitley's death. After the amended complaint was filed, the administrator and defendants agreed to settle the case.

According to the plaintiff administrator, beneficiaries of Whitley's estate are entitled to a distribution of approximately $4,088,351.65 from the wrongful death litigation proceeds. That amount represents the estate's gross litigation recovery ($6,825,000) less attorneys' fees of $2,275,000 and litigation expenses of $461,648.35. Under plaintiff's theory, ACE is not entitled to a lien on the recovery because: (1) RSA 281-A:13,

4

II(b) unmistakably provides that ACE's workers' compensation lien attaches only to that part of the estate's wrongful death recovery that remains in the estate after distribution of inheritance shares to persons who did not receive workers' compensation survivors' benefits (and then, the lien attaches only to the extent that a particular estate beneficiary received workers' compensation survivors' benefits); and (2) none of the persons to whom intestate distributions will be made from Whitley's estate received workers' compensation survivors' benefits. ACE, on the other hand, says its entitlement to a lien on the estate's litigation recovery is governed not by RSA 281-A:13, II, but by RSA 281-A:13, I, under which its lien arose upon its payment of benefits and attached to the litigation proceeds upon payment to the estate, subject, of course, to deduction of legal fees and litigation costs, as well as payment by ACE of its fair share of those litigation expenses.

Because resolution of the issue before this court requires construction of facially inconsistent provisions of New Hampshire statutory law, which necessarily requires the construing court to choose between competing public policies, as well as which

5

mutually inconsistent language to enforce, the legal question presented here is best answered by the New Hampshire Supreme Court.

RSA 281-A:13 purports to be a comprehensive statutory scheme that: (1) allows injured employees, or their estates, to recover from third-party tortfeasors; and (2) creates a reimbursement lien in favor of an employer or its workers' compensation insurance carrier (referred to hereinafter, collectively, as "the employer") whenever: (a) the employer has paid workers' compensation benefits on behalf of an injured employee; and (b) the employee, his or her estate, or his or her dependants has/have recovered damages from a third party liable for the employee's injuries. In addition to the self-evident purpose of providing reimbursement to an employer when a third-party tortfeasor has caused injury and has actually paid for its wrongdoing,[3] see Bilodeau v. Oliver Stores, Inc., 116 N.H. 83, 87 (1976) (citations omitted) (interpreting substantially similar

_____

[3] The legislature's commitment to protecting employers from paying workers' compensation benefits for injuries caused by the fault of third parties is underscored by RSA 281-A:13, III(b)(1), which gives employers the right to pursue an employee's cause of action against potentially liable third parties when the employee or his estate neglects to do so.

predecessor statute), RSA 281-A:13 has the additional purposes of: (1) placing "the ultimate loss from wrongdoing . . . upon the wrongdoer," Bilodeau, 116 N.H. at 87 (citations omitted); (2) allowing an employee or his estate "an opportunity to obtain fair compensation [i.e. a full tort recovery as opposed to limited workers' compensation benefits] for the loss sustained," Tarr v. Republic Corp., 116 N.H. 99, 102 (1976) (citation omitted) (interpreting substantially similar predecessor statute); and (3) "prevent[ing] double recovery by the employee," Beaudoin v. Marchand, 140 N.H. 269, 271 (1995) (citing Tarr, 116 N.H. at 102). Stated simply, the overall purpose of the statute is to ensure that

> the employer, who, in a fault sense, is neutral, comes out even; the third person pays exactly the damages he would normally pay, which is correct, since to reduce his burden because of the relation between the employer and employee would be a windfall to him which he has done nothing to deserve; and the employee gets a fuller reimbursement for actual damages sustained than is possible under the compensation system alone.

Bilodeau, 116 N.H. at 87-88 (quoting 2 A. LARSON, WORKMEN'S COMPENSATION LAW § 71.20 (1975) (additional citations omitted)).

7

In addition to the legislative purposes outlined above, courts construing RSA 281-A:13 have developed the following principles to govern application of the statute: (1) "There is no effective lien until there is a recovery to which it may attach." Gelinas v. Sterling Indus. Corp., 139 N.H. 14, 20 (1994)[4]; (2) "[T]here is no general claim on wrongful death damages that permits a lien on one party's recovery to reimburse payments made for the benefit of another party." Id. (citing Tarr, 116 N.H. at 104; RSA 281-A:13, II(b)); (3) "[T]he amount of the carrier's lien for compensation payments for death asserted against the share of any distributee of the damages recovered for wrongful death cannot exceed the compensation payments made or to be made to such distributee to meet the requirements of RSA 281:22 [now RSA 281-A:26]." Tarr, 116 N.H. at 104; and (4) "It seems unlikely that the legislature intended to make the final distribution of the proceeds of a third party recovery or settlement hinge on such a fortuitous factor" as "the date of a third party settlement." Bilodeau, 116 N.H. at 87. With the

---

[4] The Gelinas court also explained that "[t]he lien is on 'the amount of damages or benefits recovered,' RSA 281-A:13, II(b), and '[i]t does not apply until the injured plaintiff actually receives damages to which he has been adjudged entitled.'" 139 N.H. at 18 (quoting Lakin v. Daniel Marr & Son Co., 126 N.H. 730, 733 (1985)).

foregoing principles in mind, the court now turns to the specific provisions of RSA 281-A:13.

The provisions now codified at RSA 281-A:13, I, have been part of the statutory scheme since 1947.[5]  Bilodeau, 116 N.H. at 87.  In its current form, the statute establishes that when an injured employee recovers damages for a workplace injury from a third party,

> [t]he employer, or the employer's insurance carrier, shall have a lien on the amount of damages or benefits recovered by the employee, less the expenses and costs of action, to the extent of the compensation, medical, hospital, or other remedial care already paid or agreed or awarded to be paid by the employer, or the employer's insurance carrier, under this chapter, less the employer's or the employer's insurance carrier's pro rata share of expenses and costs of action as determined in paragraph IV.

RSA 281-A:13, I(b).

---

[5] As enacted in 1947, the predecessor of RSA 281-A:13, I(b) provided that "the employer shall have a lien on the amount of damages recovered by the employee, less the expenses and costs of action, to the extent of the compensation already paid, or agreed or awarded to be paid by the employer under this chapter."  1947 N.H. Laws 266:12.  That provision was amended two years later "by inserting after the word 'compensation' . . . the words, [']medical, hospital or other remedial care[']."  1949 N.H. Laws 160:1.

In 1954, the New Hampshire Supreme Court decided that the workers' compensation lien provision then in effect did not

> operate[] to establish in favor of an employer liable
> to a dependent of a deceased employee for compensation
> for the employee's death arising out of and in the
> course of the employment, a lien upon damages recovered
> on account of the death, from a stranger to the
> employment, by the representative of the decedent's
> estate.

Gagne v. Garrison Hill Greenhouses, Inc., 99 N.H. 292, 294-95 (1954). In other words, the Gagne court ruled that as the workers' compensation statute stood in 1954, when an employee suffered a fatal workplace injury and his administrator brought a wrongful death action to recover damages from a responsible third party, the decedent employee's (former) employer had no right to a lien on the wrongful death recovery to secure reimbursement of workers' compensation benefits paid to the decedent employee's surviving dependants.

The provisions now codified at RSA 281-A:13, II, were added to the statutory scheme in 1957.[6] Tarr, 116 N.H. at 102. In its

_____

[6] The 1957 amendment to the workers' compensation statute added the predecessor of RSA 281-A:13, II, which provided, in pertinent part, that "the employer shall have a lien on the amount of damages recovered which remain after deduction of such

10

current form, the statute provides that an administrator of an employee's estate may obtain damages from a third party for the employee's work-related death, and that when an employee's administrator does so,

> [t]he employer, or the employer's insurance carrier, <u>shall have a lien on the amount of damages</u> or benefits recovered <u>which remain</u> after deduction of such of the expenses itemized in RSA 556:14 as are not paid by the employer or the employer's insurance carrier, and <u>after deduction of the distributive share of any person to whom nothing is payable under RSA 281-A:26, to the extent of the compensation, medical, hospital, or other remedial care and funeral expenses</u> already paid or agreed or awarded to be paid by the employer, or the employer's insurance carrier, under this chapter.

RSA 281-A:13, II(b) (emphasis added). While the legislative history is characteristically mum regarding the legislature's intent in enacting the statutory predecessor of RSA 281-A:13, II, it seems reasonable to conclude that the provision represents the legislature's reaction to the Supreme Court's decision in <u>Gagne</u>, and reflects its attempt to create a statutory lien in favor of

---

of the expenses itemized in RSA 556:14 as are not paid by the employer, and after deduction of the distributive share of any person to whom nothing is payable under section 22 [now 26] of this chapter, to the extent of compensation, medical, hospital or other remedial care and funeral expenses already paid, or agreed or awarded to be paid, by the employer under this chapter." 1957 N.H. Laws 187:6.

11

employers to secure reimbursement not only of workers'
compensation benefits paid to injured employees who survive, but
also of workers' compensation survivors' benefits paid to the
dependants of fatally injured employees.  That seems to be the
reasonable purpose – but that is not precisely what the
legislature said when it enacted its drafting handiwork.[7]

The dispositive issue in this case is whether an employer is
entitled to a statutory lien on an estate's third-party tort

_____

[7] The legislature's poor draftsmanship and failure to
correct the patent inconsistencies in the statutory scheme not
only risks frustration of some presumably intentional legislative
design, but also necessitates the kind of judicial "lawmaking" so
many legislators are fond of publicly criticizing.  While this
court hesitates to certify legal questions unless absolutely
necessary, recognizing that New Hampshire's Supreme Court is the
only state appellate court and thus its workload is burdensome,
still, making sense of poorly drafted state statutes is better
done by the state's courts, particularly where a party requests
that procedure and the choices are policy-driven.  The Gagne
court made a similar observation, still meaningful after nearly
fifty years, that "[e]xamination of . . . the [workers'
compensation] law . . . fails to disclose any consistent scheme
of draftsmanship."  99 N.H. at 296.  Indeed, RSA 281-A:13 is no
stranger to the certification process; four of the six RSA 281-
A:13 cases cited in this order are New Hampshire Supreme Court
opinions issued in response to questions of law certified over
the years by this court.  See Gelinas, 139 N.H. at 15 (four
questions certified by Devine, J.); Lakin, 126 N.H. at 731 (one
question certified by Loughlin, J.); Tarr, 116 N.H. at 100 (two
questions certified by Bownes, J.); Bilodeau, 116 N.H. at 84
(three questions certified by Bownes, J.).

12

recovery to secure reimbursement of workers' compensation benefits paid on behalf of a surviving employee who later dies as a result of his workplace injuries, where a personal injury suit was brought before he died, was amended to assert a wrongful death claim upon his death, and was settled by his administrator thereafter.

Looking at the statutory scheme as a whole, a rational, and the more plausible, answer would seem to be "yes." RSA 281-A:13, II(b) suggests that answer by defining the carrier's lien on the tort recovery obtained by the estate as running "to the extent of the compensation, medical, hospital, or other remedial care and funeral expenses already paid or agreed or awarded to be paid by the employer." By definition, medical, hospital, and other remedial care benefits are benefits paid only on behalf of an injured employee, see RSA 281-A:23, I, and are benefits that could not ever have been paid to or on behalf of a deceased employee's surviving dependants. Because one cannot posit a situation in which a lien to secure reimbursement for such benefits could ever come into existence, unless the language pertains to benefits paid on behalf of the decedent, the language

13

describing the lien must necessarily refer to creation of a lien to secure reimbursement of benefits paid on behalf of the decedent.

But in this case, after distribution of the litigation recovery to estate beneficiaries who received no workers' compensation survivors' benefits, none of the litigation recovery would remain in the estate, so there would be no funds to which ACE's lien could attach. If, on the other hand, James Whitley had been survived by dependants, ACE's lien would, by the statute's terms, attach only to that portion of the estate's litigation recovery earmarked for distribution to those dependants, and, then, only in an amount equal to the survivors' benefits ACE paid to those dependants, see Tarr, 116 N.H. at 104, i.e., an amount that would never include medical, hospital, or other remedial care benefits paid on the decedent's behalf during his lifetime. Because the workers' compensation survivors' benefits available under RSA 281-A:26 do not include medical, hospital, or other remedial care benefits for the employee, and because an employer's right to reimbursement under RSA 281-A:13, II(b) is, literally, limited to the amount of benefits paid by

14

the employer under the survivors' benefit provision, it requires a bit of mental gymnastics to reconcile the employer's apparent right to a lien to the extent of the medical, hospital, or other remedial care benefits it has paid, with the language used in section 13, II(b).[8]

While RSA 281-A:13, II(b) cannot be construed in plaintiff's favor without negating its reference to reimbursement for "medical, hospital, or other remedial care," neither can it be

---

[8] Plaintiff's proposed literal reading of RSA 281-A:13, II(b) runs into at least three apparent difficulties. First, failure to recognize a lien in favor of ACE would result in an undeserved double recovery for Whitley's estate. ACE paid medical benefits on account of Whitley's workplace injuries, thus relieving Whitley (and subsequently his estate) of the obligation to pay the medical expenses incurred in treating those injuries. Whitley sued for damages, and the settlement his estate obtained included damages for the medical expenses he incurred. Thus, Whitley's estate has already been compensated (at least in part) for Whitley's medical expenses. Second, contrary to the principle enunciated in Bilodeau, 116 N.H. at 87, the employer (or, in this case, the employer's insurance carrier) would not come out even under plaintiff's theory. To the contrary, as plaintiff would have things work, ACE must pay, even though a third-party wrongdoer has been identified, and has paid the estate for the damages it inflicted on the decedent. Third, contrary to another principle enunciated in Bilodeau, 116 N.H. at 87, plaintiff's no-lien theory rests exclusively on the fortuity of his having settled the case after Whitley died, rather than before; it is beyond dispute that if defendants had settled with Whitley before he died, RSA 281-A:13, I(b), would apply, and ACE would be entitled to a lien on Whitley's litigation recovery.

15

construed in ACE's favor without ignoring the plainly stated requirement that the distributive share of non-dependent beneficiaries be deducted from the estate <u>before</u> the carrier's lien attaches to the tort recovery proceeds.  In short, RSA 281-A:13 is literally self-contradictory; it cannot be construed or applied, at least in this case, in a way that gives meaning to all of its provisions and is consistent with prior judicial constructions of the statute.

If the estate's non-dependent distributees are allowed to take from the estate prior to the attachment of ACE's lien: (1) ACE will be denied reimbursement for medical, hospital, or other remedial care benefits, which appear to be available under RSA 281-A:13, II(b); (2) ACE will have compensated Whitley for damages suffered at the hands of a third party for which the third party has also compensated Whitley's estate; (3) the estate will have recovered twice for Whitley's medical expenses; and (4) the estate will obtain its double recovery exclusively as a result of the fortuity of settling the tort case after Whitley's death.

16

If, on the other hand, ACE is entitled to a lien securing reimbursement: (1) its lien must necessarily attach to the tort recovery in the estate prior to distribution to the non-dependent beneficiaries, contrary to the mandate of RSA 281-A:13, II(b); and (2) the distributive share of those innocent non-dependant beneficiaries will be diminished in order to reimburse ACE for benefits paid on behalf of another (the decedent) and not to recover benefits those distributees received.

One way or the other, resolution of this case will require reconciling inconsistent language in RSA 281-A:13, II(b), and perhaps reconciling the provisions of that subsection with related provisions in other sections of the statutory scheme. While this court stands ready to construe the statute and resolve the matter, it is hesitant to do so, given that policy considerations will play an important role in reconciling the apparent statutory inconsistencies. Those policy decisions are best made by the New Hampshire Supreme Court, since it is New Hampshire state law that must be defined, and the state legislature's intent that must be unmasked. Accordingly, ACE's motion to certify a question of law to the Supreme Court

17

(document no. 115) is granted, and plaintiff's petition for final approval of the settlement (document no. 107) is held in abeyance, pending the Supreme Court's answer to the certified question.

Following the provisions of New Hampshire Supreme Court Rule 34, the court proposes to certify the following question of law to the New Hampshire Supreme Court:

> Under the circumstances described, is the employer's workers' compensation carrier entitled to a lien, under RSA 281-A:13, I and/or II, upon Whitley's estate's third-party tort recovery, before any distribution to estate beneficiaries, to secure reimbursement of workers' compensation benefits paid to or on behalf of the decedent when he was alive?

If any party objects to the form of the question the court proposes to certify, a written objection, along with suggested alternative language, shall be filed on or before August 16, 2002. The court proposes to submit to the Supreme Court, as its statement of facts, the facts as presented in this order. If any party objects or wishes the court to supplement that statement of facts, that party shall submit an objection and/or proposed statement of supplemental facts by the same date.

18

**SO ORDERED.**


                                   _____
                                   Steven J. McAuliffe
                                   United States District Judge

July 25, 2002

cc:  Debra M. Walsh, Esq.
     Andrew D. Dunn, Esq.
     Heidi A. Bean, Esq.
     Kenneth C. Brown, Esq.
     Michael R. Mortimer, Esq.