# Order

**Michigan Supreme Court**
**Lansing, Michigan**

February 2, 2007

131654

MATHER INVESTORS, LLC, d/b/a
MATHER NURSING CENTER,
        Plaintiff-Appellant,

v

WILLIAM LARSON,
        Defendant-Appellee,

and

ALICE MADDOCK,
        Defendant.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 131654
COA: 261638
Marquette CC: 03-040829-CK

On order of the Court, the application for leave to appeal the June 6, 2006 judgment of the Court of Appeals is considered. We direct the Clerk to schedule oral argument on whether to grant the application or take other peremptory action. MCR 7.302(G)(1). The parties shall submit supplemental briefs within 42 days of the date of this order addressing: (1) whether the circuit court properly dismissed this case under MCR 2.202(A) for plaintiff's failure to substitute in a timely manner the estate of Alice Maddock, the deceased debtor, when Maddock was never a party to the action; (2) whether the presence of Maddock's estate is "essential to permit the court to render complete relief" under MCR 2.205(A), and, if so, whether the circuit court should have analyzed the effect of plaintiff's failure to join the estate under MCR 2.205(B); (3) whether, on the facts of this case, Maddock's estate is a necessary party, in light of the Uniform Fraudulent Transfer Act's definition of "claim" as "a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured," MCL 566.31(c); (4) whether the UFTA, MCL 566.31 *et seq.*, generally requires a debtor to be joined in an action, when the debtor no longer has an interest in the property at issue; and (5) whether the UFTA affects the significance of the *Paton v Langley*, 50 Mich 428 (1883), and *Bixler v Fry*, 157 Mich 314 (1909), cases discussed in the Court of Appeals opinion.

The Probate & Estate Planning and Elder Law and Advocacy Sections of the State Bar of Michigan and the Michigan Health and Hospital Association are invited to file briefs amicus curiae. Other persons or groups interested in the determination of the issues presented in this case may move the Court for permission to file briefs amicus curiae.

CORRIGAN, J., concurs and states as follows:

I concur in the order to schedule oral argument on the application in this case. I write separately in an effort to clarify the questions posed. This case requires us to ask whether the Uniform Fraudulent Transfer Act (UFTA), MCL 566.31 *et seq.,* requires joinder of a debtor who has not retained an interest in the transferred property, particularly when the debt has not been reduced to a judgment.

At common law,

> [i]n the greater number of jurisdictions it is held, apparently on the theory that having parted with all interest in the property the grantor can no longer be affected by any decree pertaining to the property, that the debtor is not a necessary party to the action, although the debtor may be a proper party. [37 Am Jur 2d, Fraudulent Conveyances and Transfers, § 189, p 666.]

In accord, courts nationwide have held that, under states' uniform fraudulent transfer acts and at common law, the debtor is not a necessary party. See, e.g., *Citizens Bank of Massachusetts v Grand Street Parkway, LLC*, 21 Mass L Rep 594 (Mass Super, 2006) (not reported in NE2d) ("The [Massachusetts Fraudulent Transfers Act] identifies an avenue of relief for a creditor aggrieved by a fraudulent transfer; there is no requirement of a suit against the original debtor."); *Springfield Gen Osteopathic Hosp v West*, 789 SW2d 197, 201 (Mo App, 1990) ("as the property has passed beyond the grantor's control, . . . he has no interest in the suit and is not a necessary party"); *Sheepscot Land Corp v Gregory*, 383 A2d 16, 24 (Me, 1978) (the fraudulent grantor is not an indispensable party to an action against his grantees, particularly when the conveyance is declared void and the grantor's original status quo is re-established); *Frell v Frell*, 154 So 2d 706, 708 (Fla Dist Ct App, 1963) ("While there is a recognized conflict of authority as to whether the debtor-grantor is a necessary or indispensable party defendant in an action to set aside a fraudulent conveyance, our Supreme Court has held that he is not.").

In contrast, however, at least at common law, the debtor *may* be considered a necessary party if the claim has not been reduced to a judgment. See 37 Am Jur 2d, Fraudulent Conveyances and Transfers, § 189, p 666 ("Where the creditor has not reduced its claim to judgment, the debtor is an indispensable party since, in such circumstances, the debtor has the right to be heard in regard to the validity or amount of

the claim."); *Emarine v Haley,* 892 P2d 343, 348 (Colo App, 1994) (grantor who parts with his entire interest in real property is not a necessary party to a *judgment creditor's* fraudulent conveyance suit against a grantee).

Authorities also diverge regarding how these questions apply when a debtor has died. E.g., 37 Am Jur 2d, Fraudulent Conveyances and Transfers, § 191, p 667 ("where it appears that during his lifetime the debtor has parted with all title and interest in the property, the debtor's administrator or executor is not a necessary party defendant in an action to set aside the fraudulent conveyance"); *Tsiatsios v Tsiatsios,* 144 NH 438, 445; 744 A2d 75 (1999) (the plain language of New Hampshire's Uniform Fraudulent Transfers Act did not require the estate to be named as a party in an action against the executrix-transferee to set aside a fraudulent transfer because the act does not require that a judgment be entered against the transferor before action may be taken against the transferee). But see *Tcherepnin v Franz* 439 F Supp 1340, 1343 (ND Ill, 1977) ("the setting aside of the conveyance as fraudulent would restore the property to the Executor of the . . . [e]state as far as the . . . creditor of the . . . [e]state . . . is concerned. This restoration of property to the Executor . . . makes the Executor a necessary party, so that the court's decree, if any, will be binding upon it.").

The central question posed by this case is, of course, whether the language of Michigan's UFTA requires joinder of the debtor, particularly in light of the definition of "claim" as "a right to payment, *whether or not* the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." MCL 566.31(c) (emphasis added). The other authorities I have listed may shed light on this question, particularly if they address statutory language similar to our own. Overall, however, the lack of a clear answer to the question at common law simply reinforces the fact that the language of the UFTA, as the Legislature's codification of this area of law, must guide the inquiry.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

February 2, 2007

*Corbin R. Davis*

Clerk

s0130